757 So.2d 916 (2000)
Richard LAY
v.
Richard STALDER, Richard Peabody, Individual/Official Capacity Richard Ieyoub.
No. 99 CA 0402.
Court of Appeal of Louisiana, First Circuit.
March 31, 2000.
Rehearing Denied May 25, 2000.
Richard Lay, Angola, for Plaintiff/Appellant, Pro Se.
Richard P. Ieyoub, Attorney General, Baton Rouge, By Andre Charles Castaing, Assistant Attorney General, for Defendants/Appellees, Richard Stalder, et al.
*917 Before: CARTER, PETTIGREW, and CLAIBORNE,[1] JJ.
CARTER, J.
This is an appeal by an inmate from a judgment dismissing his petition for judicial review pursuant to LSA-R.S. 15:1184 B and assessing a "strike" against the inmate in accordance with LSA-R.S. 15:1187.

FACTUAL AND PROCEDURAL HISTORY
On November 13, 1997, Richard Lay, an inmate at Angola State Penitentiary, was allegedly involved in an incident wherein he disobeyed a sergeant's orders for Lay to return to his cell. According to the sergeant, Lay was out of his cell to make a legal call. However, Lay behaved loudly and caused problems on the tier, causing the sergeant to order Lay back into his cell. Lay allegedly refused all orders and uttered vulgar statements to the sergeant. Lay allegedly refused to follow several additional orders by the sergeant to return to his cell, so the sergeant notified Lieutenant Thomas of the incident. When the incident was written up in a Disciplinary Report, Lay refused to sign the report, and he pled not guilty to the charges.
After a disciplinary hearing on November 17 and 24, 1997, the disciplinary officer found merit to the report and sentenced Lay to a loss of phone privileges for four weeks. The disciplinary officer's reasons for finding merit to the report included that: 1) the report was clear and precise; 2) the lack of a credible defense/little or no defense; 3) the officer's version was deemed to be more credible than the inmate's; and 4) that Lay's only defense was denying the contents of the report. The particular sentence was imposed because of the seriousness of the offense and the need to protect the institution, employees, or others.
On the same day as the hearing, November 24, Lay filed a disciplinary appeal from the decision and sentence. On December 9, 1997, Lay was sent an Acknowledgement of Appeal of Disciplinary Decision. Subsequently, on January 8, 1998, Lay was sent notice that the response to his disciplinary appeal had been delayed beyond the thirty-day period because of the large volume of disciplinary appeals and requests for administrative remedy.
On January 26, 1998, Lay was sent a decision regarding his disciplinary appeal. The decision notified Lay that his appeal had been denied. The decision also notified Lay that because of the particular sentence, loss of phone privileges for four weeks, the decision constituted the final administrative decision of the agency. Accordingly, it advised Lay that his remedy was to request judicial review in the Nineteenth Judicial District Court within thirty days of receipt of the decision. Lay received the decision on January 28, 1998.
On February 20, 1998, Lay filed a Petition for Judicial Review in the Nineteenth Judicial District Court. Lay named Richard Stalder, Richard Peabody and Richard leyoub as defendants in the petition. On September 17, 1998, a commissioner for the Nineteenth Judicial District issued a written recommendation to the trial judge that Lay's suit should be dismissed with prejudice at Lay's costs under LSA-R.S. 15:1184 B, and that a "strike" be assessed against Lay pursuant to LSA-R.S. 15:1187 for filing a frivolous appeal. A copy of the commissioner's written recommendation was mailed to Lay on September 17, along with written notice that Lay had ten days in which to traverse the commissioner's findings. On October 8, 1998, there was no traversal by Lay filed into the record, and the trial judge signed a judgment dismissing Lay's suit with prejudice at his costs and assessing a "strike" against Lay in accordance with LSA-R.S. 15:1187. *918 The judgment was mailed to Lay on October 9, 1998.
On January 5, 1999, Lay filed a document entitled "2nd Request For Leave To Appeal As Pauper." This is the only request for leave to appeal in the record. The only notice of appeal that appears in the record is dated January 13, 1999. This notice provides that "on January 13, 1999, upon motion of plaintiff, pro se; ... an order of appeal was entered granting a devolutive appeal from the judgment of October 8, 1998 ...." On March 3, 1999, the defendants filed a Motion to Dismiss Appeal for Lack of Jurisdiction and as Frivolous Under LSA-R.S. 15:1186 C, asserting Lay's appeal should be dismissed as untimely and as frivolous. The defendants' motion also sought a "strike" against Lay under the provisions of LSA-R.S. 15:1187. On the same day, the defendants also filed an answer to Lay's appeal, asserting virtually the same legal arguments: 1) this court lacked jurisdiction over the appeal because the appeal was taken after expiration of the appeal delays set forth in LSA-C.C.P. art. 2087 A; 2) the appeal should be dismissed as frivolous pursuant to LSA-R.S. 15:1186 C; and 3) this court should assess a "strike" against Lay under the provisions of LSA-R.S. 15:1187.
Lay filed his original brief on March 16, 1999. However, he attached several documents to the brief that were not a part of the record on appeal. Among these attachments were a Notice of Appeal dated "October ___, 1998." There was no filing date on this notice, nor was there any evidence that this document was ever sent to the Nineteenth Judicial District Clerk of Court. These attachments also included a traverse from the commissioner's decision. The traverse was dated September 28, 1998, but again, there was no evidence that the traverse was mailed to the commissioner or to the Nineteenth Judicial District Clerk of Court.
On May 19, 1999, Lay filed a reply brief wherein he again alleged that he gave his original appeal to prison officials for mailing in October 1998, and that he gave the traverse to prison officials for mailing in September 1998. Lay also sought sanctions against defendants' counsel for raising the issue of the timeliness of Lay's appeal.
On September 21, 1999, Lay filed a Request for Judicial Notice that the Nineteenth Judicial District Clerk of Court refused to accept for filing Lay's motion to supplement the appellate record. Through the motion to supplement, Lay sought to attach documents that allegedly established the timely filing of his original appeal and his traversal of the commissioner's recommendation. However, the Nineteenth Judicial District Clerk of Court refused to accept the filing of this motion because a Prisoners' Litigation Reform Act (PLRA) stay order was in effect pursuant to LSA-R.S. 15:1186 and 1187, with respect to filings by Lay. The documents attached to Lay's motion to supplement were the traverse dated September 28, 1998; the notice of appeal dated "October ___, 1998"; the second request for leave to appeal, which was undated; and a December 11, 1998 mailing slip allegedly related to the mailing of the second notice of appeal. However, the mailing slip does not reference a mailing to the Nineteenth Judicial District Court or to this court.
Although Lay raised several assignments of error in his original brief, we will address the motion to dismiss Lay's appeal filed by the defendants first, because if Lay did not timely file his request for an appeal, this court is without jurisdiction to review the final judgment signed by the trial court on October 8, 1998.
Louisiana Code of Civil Procedure Article 2087 A provides as follows:
Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:

*919 (1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
(2) The date of the mailing of notice of the court's refusal to grant a timely application for a new trial or judgment notwithstanding the verdict, as provided under Article 1914.
An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise or modify a final judgment after the time for filing a devolutive appeal has elapsed. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Because neither party filed a motion for new trial or judgment notwithstanding the verdict, the devolutive appeal had to be taken within sixty days from October 16, 1998, the expiration of the delays for filing such motions.[2] LSA-C.C.P. art. 2087 A(1). Thus, Lay's appeal is untimely unless it was filed on or before December 15, 1998. Baton Rouge Bank & Trust Co. v. Coleman, 582 So.2d 191, 192 (La.1991).
The only evidence of Lay's appeal that is in the record is the second request for leave to appeal and the notice from the Clerk of Court for the Nineteenth Judicial District, that on January 13, 1999, upon motion of Lay, an order of appeal was entered granting a devolutive appeal from the October 8, 1998 judgment. The attachments to Lay's briefs that contain a copy of his traverse and his original motion for appeal are not part of the record and can not be considered by this court. See Dawson v. Cintas Corp., 97-2275, p. 3 (La.App. 1st Cir.6/29/98), 715 So.2d 165, 167. With respect to Lay's motion to supplement the record, even if the Clerk of Court for the Nineteenth Judicial District was in error in refusing to supplement the record with these documents, we find that these documents do not establish the timeliness of Lay's appeal or his traversal. Lay has not provided any proof, other than his unsubstantiated written allegations, that these items were actually placed with prison officials for mailing within the devolutive appeal time delays. As previously noted, the mailing slip dated December 11, 1998, which allegedly pertained to Lay's second request for an appeal, did not reference a mailing to the Nineteenth Judicial District Court or to this court. Thus, it does not support Lay's allegations.
The defendants supplemented the record with all envelopes addressed to the Clerk of Court for the Nineteenth Judicial District pertaining to this appeal. All but one of these envelopes was postmarked prior to the issuance of the commissioner's report. The final envelope was postmarked December 30, 1998, fifteen days after the appeal delays had run.
After a thorough review of the record, we find that Lay's appeal was untimely. Accordingly, we are without jurisdiction to alter the trial court judgment that dismissed Lay's petition for judicial review and assessed Lay with a "strike" pursuant to LSA-R.S. 15:1187.

CONCLUSION
For these reasons, the defendants' motion to dismiss appeal for lack of jurisdiction is granted and Lay's appeal is dismissed.[3] *920 Costs of this appeal are assessed to Lay.
MOTION TO DISMISS APPEAL GRANTED; APPEAL DISMISSED.
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Louisiana Code of Civil Procedure Article 1974 provides that the delay for filing a motion for new trial is seven days. This period begins to run on the day after the clerk has mailed the notice of judgment required by Article 1913. Because the October 8 judgment was signed in chambers, Article 1913 required the judgment to be mailed to all parties. This was accomplished on October 9, 1998. Thus, the delays for filing a motion for new trial expired on October 16, and the devolutive appeal had to be taken by December 15, 1998.
[3] Because of our resolution of the defendants' motion to dismiss the appeal, we do not reach the various other motions filed by the parties to this appeal, which motions were previously referred to the merits of this appeal for decision. These motions included a motion by the defendants to strike attachments to Lay's brief, Lay's ex parte motion to dismiss the defendants' motion to strike, and Lay's motion to strike the defendants' peremptory exception raising the objection of no cause of action.