813 So.2d 630 (2002)
Brazil PATERNOSTRO
v.
Nicholas F. LaROCCA, Jr. and Nicholas F. LaRocca, Jr., Ltd. (A Professional Law Corporation)
No. 2001 CA 0333.
Court of Appeal of Louisiana, First Circuit.
March 28, 2002.
*632 Brazil Paternostro, Labadieville, in Proper Person.
Nicholas F. Larocca, Jr., Morgan City, in Proper Person.
William O. Bonin, New Iberia, for Defendants-Appellees Nicholas F. Larocca, Jr., et al.
Before: FOIL and PETTIGREW, JJ., and KLINE,[1] J. Pro Tem.
PETTIGREW, J.
In this legal malpractice action, plaintiff appeals the trial court's judgment granting defendant's exception raising the objection of prescription and dismissing his claim with prejudice. For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY
In September 1994, defendant-attorney, Nicholas F. LaRocca, Jr., began representing plaintiff, Brazil Paternostro, in connection with a medical malpractice claim, as well as other legal matters. Over the course of Mr. LaRocca's representation of Mr. Paternostro, the attorney-client relationship eroded to the point that Mr. LaRocca withdrew as Mr. Paternostro's counsel in all matters in early 1999. Thereafter, on April 3, 2000, Mr. Paternostro filed suit against Mr. LaRocca alleging legal malpractice and fraud.
In response to Mr. Paternostro's suit, Mr. LaRocca filed an exception raising the objection of prescription. Mr. LaRocca asserted that any acts, omissions, and/or negligence alleged by Mr. Paternostro were the same acts, omissions, and/or negligence known by and complained about by Mr. Paternostro for more than one year prior to the filing of this suit. The matter proceeded to a hearing on June 13, 2000, at which time the trial court heard testimony from the parties and reviewed various documents that were introduced into evidence. After considering all of the evidence, the trial court ruled in favor of Mr. LaRocca, concluding as follows:
I have to use a reasonable man's standard: Would a reasonable man read all this and say, "Hey, I think something's wrong here." That's what I have to apply. If you personally didn't do that, I don't know that that is the standard I apply. Would a reasonable person faced with these introductions, [exhibits] 1 through 22, conclude that there's something I should be on notice of here. That's the way I see this situation.
. . . .
In view of the documents 1 through 22 indicating to me the situation as it was then, I would grant the Exception of Prescription, [based on my finding] that there was knowledge more than one year prior to the filing of this suit.
A judgment in accordance with these findings was signed by the trial court on June 13, 2000, dismissing Mr. Paternostro's claim with prejudice. Mr. Paternostro then moved for a new trial, which motion was denied by the trial court following a hearing on September 11, 2000. This appeal by Mr. Paternostro followed, wherein he assigned error to the trial court's judgment granting the exception as to prescription.

*633 STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882, n. 2 (La.1993).
For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.

DISCUSSION
On appeal, Mr. Paternostro argues that he "did not attain sufficient knowledge that [Mr. LaRocca] committed acts of legal malpractice in his representation of [Mr. Paternostro] within one year of the acts of malpractice." In the alternative, Mr. Paternostro asserts that his claim should not be dismissed because it was filed within the three-year peremptive period provided for in La. R.S. 9:5605. Mr. LaRocca counters, arguing that the evidence overwhelmingly supports the trial court's conclusion that Mr. Paternostro knew or should have known of the alleged malpractice prior to the expiration of one year after the commission of same.
Actions for legal malpractice are governed by La. R.S. 9:5605, which provides, in pertinent part:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred.... The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil *634 Code Article 3461, may not be renounced, interrupted, or suspended.
Subsection B of La. R.S. 9:5605 clearly states that the one-year and three-year periods of limitation provided in Subsection A are both peremptive periods. Peremption and prescription are two different legal concepts that are often confused with each other. Liberative prescription is the barring of a cause of action due to the passage of a certain period of time. La. Civ.Code art. 3447. Liberative prescription may be renounced, interrupted or suspended. Peremption, however, is a period of time fixed by law for the existence of a right. That is, the law establishes a certain amount of time that a right will exist, and if the right is not exercised during that period of time, it is lost. Therefore, liberative prescription prevents the enforcement of the right, while peremption destroys the right itself. Pounds v. Schori, 377 So.2d 1195, 1198 (La.1979). Conceptually, there may not be much difference between the two, but practically, the biggest difference is that peremption cannot be renounced, interrupted, or suspended. La. Civ.Code art. 3461.
In Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, the Louisiana Supreme Court was confronted with the application of La. R.S. 9:5605. The supreme court held that La. R.S. 9:5605 must be applied as written because "[t]he Legislature was particularly clear in wording La. R.S. 9:5605 so as to leave no doubt as to its intent." Reeder, 97-0239 at 6, 701 So.2d at 1295. Thus, the applicable time limitations on legal malpractice actions are one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered, or, at the latest, within three years from the date of the alleged act, omission, or neglect. La. R.S. 9:5605(A). In other words, the latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever occurs first.
Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Olivier v. Poirier, 563 So.2d 1227, 1229 (La.App. 1 Cir.), writ denied, 568 So.2d 1054 (La.1990). The standard imposed in the case of Griffin v. Kinberger, 507 So.2d 821 (La.1987) is that of a reasonable man. That standard is designed to establish a rule that any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge even though he asserts a limited ability to comprehend and evaluate the facts. Carroll v. Wolfe, 98-1910, p. 6 (La.App. 1 Cir. 9/24/99), 754 So.2d 1038, 1041. The focus is on the appropriateness of the claimant's actions or inactions. Id. Thus, our inquiry becomes when would a reasonable man have been on notice that malpractice may have been committed.
As previously indicated, Mr. Paternostro's petition filed on April 3, 2000, contained allegations of malpractice and fraud. Mr. Paternostro's malpractice claim was based, in part, on his belief that Mr. LaRocca presented a substandard case to the Medical Review Panel and was negligent in failing to request a jury trial in the medical malpractice case. Mr. Paternostro further argued that Mr. LaRocca committed fraud in tampering with the composition of the Medical Review Panel without his knowledge or consent.
*635 According to the various documents that were introduced into evidence, Mr. Paternostro had knowledge of the alleged acts of malpractice by Mr. LaRocca by at least March 29, 1999, if not earlier. In a letter to the Patient's Compensation Fund dated March 12, 1999, Mr. Paternostro requested that his case be reopened because all of the medical evidence pertinent to his medical malpractice claim had not been submitted to the medical review panel by his attorney. On March 25, 1999, Mr. Paternostro sent a letter to the United States Attorney's Office outlining his various complaints against Mr. LaRocca, including the allegation the Mr. LaRocca had not submitted any of his (Mr. Paternostro's) medical records to the medical review panel. Mr. Paternostro further opined that Mr. LaRocca had committed malpractice and should be considered a criminal. In response to this letter, Mr. Paternostro received a letter dated March 29, 1999, from Karl J. Connor, Assistant United States Attorney, advising him that his allegations against Mr. LaRocca were, in fact, claims of legal malpractice and unethical conduct, rather than claims of criminal conduct.
After considering the testimony of the parties and the documentary evidence, the trial court concluded that Mr. Paternostro had sufficient knowledge of the alleged acts of malpractice by Mr. LaRocca for more than one year prior to the filing of his petition. Based on our review of the record in this matter, we are satisfied that a reasonable factual basis exists for the trial court's findings in this regard. Not only is the evidence overwhelmingly in support of the trial court's conclusion, but also the trial court's reasonable evaluations of credibility and reasonable inferences of fact must be afforded great deference. The trial court did not err in granting Mr. LaRocca's exception as to prescription and dismissing Mr. Paternostro's claim with prejudice.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs associated with this appeal are assessed against plaintiff-appellant, Brazil Paternostro.
AFFIRMED.
NOTES
[1] Judge William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.