STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

04-821


HENRY L. BURNS

VERSUS

CHRISTIAN M. GOUDEAU, ET AL.


**********


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 02-C-0498-A
HONORABLE JAMES T. GENOVESE, DISTRICT JUDGE


**********


MARC T. AMY
JUDGE


**********


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

AFFIRMED.

Tommy K. Cryer
4348 Youree Drive
Shreveport, LA   71105
(318) 865-3392
COUNSEL FOR PLAINTIFF/APPELLANT:
        Henry L. Burns

James H. Gibson
Allen and Gooch
Post Office Box 3768
Lafayette, LA 70502-3768
(337) 291-1300
COUNSEL FOR DEFENDANTS/APPELLEES:
        Christian M. Goudeau
        Christian M. Goudeau, APLC

AMY, Judge.

The plaintiff filed suit against the defendant alleging legal malpractice. The defendant filed exceptions of no cause of action, peremption, and prescription pursuant to La.R.S. 9:5605. The trial court granted the exceptions, finding that the matter was not timely filed. The plaintiff appeals. For the following reasons, we affirm.

## Factual and Procedural Background

The plaintiff, Henry L. Burns, engaged the defendant, Christian M. Goudeau, to represent him in a suit filed in federal court in Alexandria. The federal matter was ultimately dismissed through unfavorable partial summary judgments, the last of which was dated September 14, 2000. Although the record evidences telephone discussions between the plaintiff and Mr. Goudeau subsequent to the judgments, in particular to that of September 14, 2000, no notice of appeal was filed before the end of the federal appellate delays on October 14, 2000. The nature of those telephone calls, in particular, whether the plaintiff was advised of appellate delays and whether he demonstrated an intent to appeal, is at issue.

After an encounter at a restaurant with co-counsel James Spradling[1] on May 3, 2001, and Mr. Spradling's reference to the fact that any appellate delays would have lapsed by that point, the plaintiff authorized Mr. Spradling to file a motion pursuant to Rule 60 of the Federal Rules of Civil Procedure in federal court to seek relief from the judgment.[2] The Rule 60 motion was denied.

_____

[1]Although Mr. Goudeau was considered lead attorney on the matter, two other attorneys, Mr. Spradling and Sam Cravins, were engaged as co-counsel of record.

[2]Rule 60 provides, in part:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

The petition instituting the instant malpractice action was initially filed in Bossier Parish on October 5, 2001. The petition was followed by an exception alleging that Bossier Parish was an improper venue. After a determination by the trial court that Bossier Parish was an improper venue, the exception was granted and the matter was transferred to St. Landry Parish. The case was filed in St. Landry Parish on February 6, 2002.

The petition contained allegations that the plaintiff's appellate delays in the federal matter were negligently permitted to lapse. Christian M. Goudeau, Attorney at Law, Christian M. Goudeau, A Professional Law Corporation, and Mr. Goudeau's, individual and professional insurers were named as defendants (referred to collectively hereinafter as "the defendant"). The plaintiff asserted in the petition that the defendant failed to institute an appeal in a timely manner and allegedly mislead the plaintiff as to the possibility of appealing. The plaintiff filed a supplemental and amending petition, including the assertion that the defendant failed to inform him that the deadline for appealing had passed and that the plaintiff did not become aware of the expiration of the delay period until he consulted with another attorney on May 3, 2001.

The defendant filed exceptions of no cause of action, peremption, and prescription, arguing that the matter was perempted pursuant to La.R.S. 9:5605 as the

---

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
(6) any other reason justifying relief from the operation of the judgment.

matter was dismissed from federal court on September 14, 2000, transferred from a court of improper venue on December 13, 2001,[3] and not filed in a court of proper venue until February 6, 2002. Following a hearing, the trial court granted the exceptions.

The plaintiff appeals and, in his brief to this court, asserts that the trial court erred in the following respects:

1. In granting the defendant's exception of peremption;

2. In failing to apply the reasonable man standard to determine when plaintiff/appellant should have discovered the malpractice in order to establish the commencement of the peremptive period;

3. In finding that plaintiff should have discovered that defendant had not filed notice of appeal in the underlying [sic] within two weeks after the omission; and

4. In failing to find that the defendant's continuing to serve as counsel of record for plaintiff in the underlying [sic] prevented the running of the peremptive period.

**Discussion**

The plaintiff first contends that the trial court erred in concluding that any alleged malpractice relating to the lack of notice of appeal being filed was discovered or should have been discovered more than a year before the petition instituting this matter was filed. In making this argument, the plaintiff uses the December 2001 date of the Bossier Parish district court's determination that it was a court of improper venue and transfer of the matter to St. Landry Parish as the date on which prescription was interrupted. He contends that the period between the lapse of the appellate deadline in October 2000 and any interruption in December 2001 leaves only a two

---

[3]We note that December 13, 2001, is the date that both parties refer to as the date the matter was transferred from Bossier Parish. However, the judgment memorializing that transfer is dated December 20, 2001.

3

month period in which the trial court found that he discovered or should have discovered of any malpractice in failing to file the malpractice issue. This period of time, the plaintiff argues, is insufficient to have put a reasonable man on notice of potential malpractice.

The applicable statutory authority in this matter is La.R.S. 9:5605, which provides, in part:

> A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

> B. . . . The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458[4] and, in accordance with Civil Code Article 3461,[5] may not be renounced, interrupted, or suspended.

> . . . .

> E. The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.[6]

---

[4]Article 3458 provides:
Peremption is a period of time fixed by law for the existence of a right. Unless timely exercised, the right is extinguished upon the expiration of the peremptive period.

[5]Article 3461 provides:
Peremption may not be renounced, interrupted, or suspended.

[6]Reference to La.Civ.Code art. 1953 indicates:
Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

4

As can be seen in Subsection B, the one and three-year periods provided for in La.R.S. 9:5605(A) are peremptive in nature. The statute provides that the one-year period, that which is applicable in this case, begins to run from the date of the allegedly tortious act or from the date that such an act is discovered or should have been discovered. La.R.S. 9:5605(A). In considering whether facts were such that a plaintiff should have discovered a cause of action, the courts have considered the facts of the case in light of a reasonable man standard. *See Paternostro v. LaRocca*, 01-0333 (La.App. 1 Cir. 3/28/02), 813 So.2d 630. *See also Taussig v. Leithead*, 96-960 (La.App. 3 Cir. 2/19/97), 689 So.2d 680. As stated in *Paternostro*, 813 So.2d at 634, when considering the reasonable man standard, the focus is on "the appropriateness of the claimant's actions or inactions."

In ruling on the exceptions, the trial court rendered extensive reasons for ruling, ultimately concluding that the plaintiff discovered or should have discovered any failure to file an appeal immediately after the lapse of the appellate delay, in October 2000, and that suit was not filed in a proper venue until more than a year after the expiration of the one-year peremptive period. In doing so, the trial court explained that the underlying federal case was one of great importance to the plaintiff and one in which he had actively participated. The plaintiff's educational and professional background as a certified public accountant and a chief financial officer of a hospital were also taken into account. The trial court further remarked as to telephone and billing records indicating that the plaintiff and the defendant engaged in a number of telephone conversations during the time period of the judgment and appeal period. The trial court stated that:

> When I look at it from the standpoint and you consider Mr. Goudeau, the attorney with a subspecialty in the field of First

5

Amendment cases, balanced out with Mr. Burns, who is a well-educated C.P.A. with considerable experience in the field and a business man I might note, this court finds it very difficult to believe that there was not a discussion regarding appeal. And I think that both parties agree that there was a discussion regarding appeal. . . .

. . . .

Now, when I break this thing down and I want to know why, if I take what Mr. Burns has told me about this matter, all of what he knew in August, September, up until October the 6th, 5th or 6th, the last phone conversation, why wasn't this suit timely filed in a court of proper jurisdiction and venue? And I repeat the last day of appeal the case in Federal court would have been October 14th, 2000. But, if he was aware of the fact that things were not going good for him in this matter, which he knew that Judge Little had decided the case against him, nothing was done in that matter for seven months relying on the premise that, oh well, it always takes lawyers a long time - - or C.P.A.'s - - to get things done, and they tell you they're going to take depositions and it takes months to take depositions. I can go along with that Mr. Burns, for a certain period of time; if it's taking depositions and if it's moving the case along, I can go along with their [sic] being delays. With whether it's lawyers or C.P.A.'s or anyone else, I can go along with that. But, Mr. Burns, when you cut to the chase in this particular matter, this was something wherein your case was thrown out. You lost this case. This case was dear to you and you lost it, and you had to have been upset and there had to have been action taken on your appeal immediately because I believe what you have told me, that you would have wanted something done because your case was thrown out by Judge Little.

With that said, there would have had to have been some follow-up, not only by Mr. Goudeau, but by you yourself, sir, as to what was going on with this particular case. If you really felt that you wanted Mr. Goudeau to appeal and he just dropped the ball and never did appeal, do you really think it would have taken seven months for you to get some sort of notice of this? Seven months for you to appeal a case that you were thrown out of court on, seven months of not hearing anything? That's okay, it's all right, Mr. Goudeau's handling that. Seven months before you even think of calling your friend and your attorney, Mr. Spradling, and saying . . . "Hey, Jim, what's going on with this guy, Goudeau? What's the deal here? I lost my case. Where's the appeal? What's gonna happen here? What's going on? How long - - how much time do I have to appeal? . . . Nothing in that regard. Nothing except, over a meal in May of 2001, some seven months later[.] . . .

. . . .

6

And you knew about that certainly by October of 2000, so the period began to run at least by then and the one year period is up. And you have to sue not only in a proper jurisdiction, you've got to sue in proper venue. So that even puts you back to December the 13th, 2001, because it was filed in the wrong venue. It's got to be in proper jurisdiction and proper venue. So, I can only consider the fact that you filed suit September the - - I mean December the 13th, 2001, when the judge in Bossier Parish granted the exception, and then transferred it down here where it was ultimately filed in February of 2002. All the time periods in this matter are lagging; in Federal court, in State court, in Bossier, and in St. Landry. It's all lagging, and it's not timely filed.

And the issue, the court finds that the evidence preponderates in favor of the defendants, Mr. Goudeau, as corroborated by his records, his logs, and other documentary evidence, and the testimony of Mr. Spradling, and that by a preponderance of the evidence, more probable than not, 50 percent plus one, that the one year time period that is both prescriptive and peremptive was not met. As a result thereby, the court grants the Exception of Prescription and Peremption and dismisses the case accordingly. . . .

A trial court's finding as to when the one-year peremptive period of La.R.S. 9:5605(A) begins to run is factual in nature and will not be disturbed on appeal absent manifest error. *See, e.g.*, *Lambert v. Toups*, 99-72 (La.App. 3 Cir. 10/13/99), 745 So.2d 730. Our review of the record reveals no such error.

Recall that the relevant dates in this matter are as follows: Judgment rendered in federal matter - September 14, 2000; Appellate delay terminates - October 14, 2000; Malpractice action filed in Bossier Parish - October 5, 2001; Judgment transferring matter to St. Landry Parish - December 20, 2001; Matter filed in St. Landry Parish - February 6, 2002. Given these dates, we first note that all parties agree, and that the trial court found, any appeal in the federal matter must have been filed by October 14, 2000. Furthermore, La.R.S. 9:5605(A) requires that a suit must be "filed in a court of competent jurisdiction and proper venue" within the one year of discovery or imputed discovery. In this case, venue was proper in St. Landry Parish, not Bossier Parish. Although transferred earlier, the matter was not filed in

7

St. Landry Parish until February 6, 2002. Thus, the matter was not timely filed unless the date of the plaintiff's discovery or constructive discovery of the failure to file was after February 6, 2001. As seen above, the trial court's reasons reveal a finding that the date of discovery or constructive discovery was well before this date. The record supports this determination.

The plaintiff testified that he had, in fact, received a copy of the ruling dismissing his action from federal court. Furthermore, the record evidences conversations the plaintiff had with the defendant subsequent to that ruling, on September 19th, September 25th, and October 6th. The plaintiff testified that he expressed his desire to appeal the judgment to Mr. Goudeau, but was told that research had to be done as to applicable appellate delays. Therefore, he waited to hear from Mr. Goudeau.

Mr. Goudeau's version of events differs. He testified that he would not have had to conduct research as to applicable appellate delays, that the plaintiff was aware of the delays, and that the plaintiff never authorized the filing of an appeal. As for his October 6th conversation with the plaintiff, the defendant contends that the plaintiff informed him at that time that he did not want to appeal. These conflicting versions require a credibility determination from the trial court as to what the plaintiff discovered or should have discovered. Although the trial court explained that it did not necessarily disbelieve the testimony offered by the plaintiff or the defendant, the trial court found that the plaintiff's previous active participation and interest in the suit indicate that, if interested in an appeal, he should have been on alert that something was amiss when information as to the filing of that appeal was not

8

immediately forthcoming. This type of factual finding, which is supported by the record, will not be disturbed on review.

This assignment lacks merit.

*Continuous Representation*

The plaintiff alternatively argues that the defendant's continuation as counsel of record during co-counsel's attempt to remedy any lost appellate rights through the Rule 60 mechanism "tolled" the peremptive period of La.R.S. 9:5605 until this potential avenue was "exhausted and the case irretrievably lost."

This argument by the plaintiff is essentially an assertion that the "continuous representation rule," which predated the enactment of La.R.S. 9:5605, should be applied along with the statute's peremptive period. However, the continuous representation rule has been found inapplicable in La.R.S. 9:5605 cases by the Louisiana Supreme Court in *Reeder v. North*, 97-0239 (La. 10/21/97), 701 So.2d 1291. In *Reeder*, the supreme court referenced the specific wording of La.R.S. 9:5605 in concluding that: "As a suspension principle based on *contra non valentem*, the 'continuous representation rule' cannot apply to peremptive periods." *Id.* at 1298 (footnote omitted). Thus, after the date of discovery or the date any alleged malpractice should have been discovered, the one-year peremptive period of La.R.S. 9:5605 began. Due to its nature as a period of peremption, the "continuous representation rule" cannot be found to have suspended that rule. *See* La.R.S. 9:5605(A) and (B); *Reeder*, 701 So.2d 1291.

This assignment lacks merit.

9

## DECREE

For the foregoing reasons, the decision of the trial court is affirmed.  All costs of this proceeding are assigned to the plaintiff, Henry L. Burns.

**AFFIRMED.**