938 So.2d 157 (2000)
TROLLY CORPORATION
v.
Boolus BOOHAKER.
No. 2005-CA-1595.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
*159 Jacques F. Bezou, the Bezou Law Firm, Covington, Counsel for Plaintiff/Appellant.
Alfred B. Shapiro, Shapiro & Shapiro, Baton Rouge, Counsel for Defendant/Appellee.
Panel composed of Judges Ad Hoc THOMAS F. DALEY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
CLARENCE E. McMANUS Judge Ad Hoc.
Plaintiff, Trolly Corporation, appeals from a decision of the trial court granting summary judgment in favor of defendant, Boolus Boohaker, dismissing plaintiff's suit against him. For the reasons that follow, we affirm the decision of the trial court.
Trolly Corporation hired Mr. Boohaker, an attorney, for the purpose of confecting a transaction in which two investors bought into the corporation and an earlier investor was bought out. The deal was closed on October 31, 2001. Shortly after the closing, Troy McCullen, vice president of Trolly Corporation, learned that Trolly was subject to adverse tax consequences as a result of the deal. In November of 2001, Trolley Corporation hired an accounting firm to work with defendant to eliminate or reduce the tax liability. In the spring of 2002, Trolly obtained an extension for the filing of its tax return. Trolly filed its tax return in September of 2002, and received its final determination of tax liability, including penalties and interest, in March of 2003.
This suit was filed on September 15, 2003. Defendant filed a motion for summary judgment, alleging that plaintiff's cause of action was perempted by LSA-R.S. 9:5605. After the hearing, the trial court ruled in favor of defendant, and plaintiff appealed.
On appeal, plaintiff argues that the trial court erred in holding that its suit was perempted by LSA-R.S. 9:5605 A for its failure to timely institute suit.
The defendant raised the issue of prescription in a motion for summary judgment. In Alcorn v. City of Baton Rouge, 03-2682 (La.1/16/04), 863 So.2d 517, the Louisiana Supreme Court found error in the appellate court's refusal to consider the issue of prescription raised in a motion for summary judgment. The Court relied in part on Cobb v. Coleman Oldsmobile, Inc., 346 So.2d 831 (La.App. 1 Cir.1977), writ denied 349 So.2d 1269 (La.1977), in which this Court had stated that where the motion for summary judgment states all the essential allegations for an exception of prescription, and the relief sought is dismissal of the suit on the basis that the suit is prescribed, the motion should be characterized and considered as a peremptory exception of prescription.
The date on which prescription begins to run is a factual issue to be determined by the trier of fact. We review that determination under the clearly wrong standard. Webb v. Blue Cross Blue Shield of Louisiana, 97-0681 (La.App. 1 Cir. 4/8/98), 711 So.2d 788.
Trolly Corporation filed this suit alleging that the structure of the transaction confected by defendant caused it to suffer adverse tax consequences and that there were other structures which would have minimize its tax liability. Therefore, contends plaintiff, defendant committed legal malpractice for which he is liable. LSA-R.S. 9:5605 provides for the peremptive period to initiate an action for legal malpractice. LSA-R.S. 9:5605 A provides:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such *160 attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
B. The provisions of this Section are remedial and apply to all causes of action without regard to the date when the alleged act, omission, or neglect occurred. However, with respect to any alleged act, omission, or neglect occurring prior to September 7, 1990, actions must, in all events, be filed in a court of competent jurisdiction and proper venue on or before September 7, 1993, without regard to the date of discovery of the alleged act, omission, or neglect. The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
Pursuant to Subsection A of La. R.S. 9:5605, the peremptive period for all legal malpractice claims is one year from the date of the alleged negligence is or should have been discovered, coupled with a mandatory three-year peremptive period from the date of the alleged negligence, regardless of when it was discovered. Turnbull v. Thensted, 99-0025 (La.App. 4 Cir. 3/1/00), 757 So.2d 145.
Subsection B of La. R.S. 9:5605 clearly states that the one-year and three-year periods of limitation provided in Subsection A are both peremptive periods. Peremption cannot be renounced, interrupted, or suspended. La. Civ.Code art. 3461. The latest one can file a legal malpractice action is three years from the date of the alleged act of malpractice, or one year from the date of discovery of the alleged act of malpractice, whichever occurs first. Paternostro v. LaRocca, 01-0333 (La.App. 1 Cir. 3/28/02), 813 So.2d 630.
Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Id. The standard imposed is that of a reasonable man  any plaintiff who had knowledge of facts that would place a reasonable man on notice that malpractice may have been committed shall be held to have been subject to the commencement of prescription by virtue of such knowledge even though he asserts a limited ability to comprehend and evaluate the facts. Id., Carroll v. Wolfe, 98-1910, p. 6 (La.App. 1 Cir. 9/24/99), 754 So.2d 1038, 1041. The focus is on the appropriateness of the claimant's actions or inactions, and therefore, the inquiry becomes when would a reasonable man have been on notice that malpractice may have been committed. Paternostro, supra.
In this appeal, Trolly Corporation argues that peremption did not begin to accrue until the filing of its tax return, because it was "impossible ... to make any assessment of the full effect of any possible loss (damage) Trolly would sustain *161 until the date IRS (sic) made its determination." However, a reasonable man would have known, and plaintiff admits that it did know, that it would suffer adverse tax consequences as a result of the transaction structured by defendant as early as November 2001. Plaintiff further admits that not only did it know of the alleged malpractice in November, but it also "retained the services of an accounting firm and with the help of Boohaker began the process of amending the closing documents in an effort to eliminate and/or reduce the potential tax liability." The amount of taxes owed could have been calculated prior to the filing of the return with the IRS. Therefore plaintiff's suit, filed almost two years after the alleged malpractice, is perempted.
The plaintiff argued in brief that "Consequently, until such time as Trolly was able to fully quantify the damages that flowed from Boohaker's mistakes, its claims against Boohaker were not cognizable." This argument has previously been rejected by this Court. In Vaughn v. Slaughter, 94 0552 (La.App. 1 Cir. 3/3/95), 653 So.2d 36, writ denied, 95-0828 (La.5/5/95), 654 So.2d 339, plaintiff retained the services of defendant attorney to incorporate his business as Subchapter-S corporation, and to handle matters incidental to the incorporation of the business. In connection with the representation, defendant was to prepare the necessary paperwork for the United States Internal Revenue Service. On September 15, 1989, plaintiff was advised by the IRS that defendant failed to file the necessary paperwork. Thereafter, plaintiff's business was reformed to regular corporation status. Plaintiff was required to submit corporate returns, and incurred additional tax liability as a result. Plaintiff filed suit on July 17, 1992. Defendant filed an exception of prescription, which was granted by the trial court. On appeal, defendant argued in part that his cause of action had not prescribed because the extent of his damages was not known until January of 1993. The court disagreed, stating that:
Neither are we persuaded that the plaintiff's lawsuit was timely filed under La.R.S. 9:5605 because the extent of damages was not known until January, 1993. Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Olivier v. Poirier, 563 So.2d 1227 (La.App. 1st Cir.), writ. denied, 568 So.2d 1054 (La. 1990). See also Citizens Nat. Bank v. Gilsbar, Inc., 581 So.2d 719 (La.App. 1st Cir.1991), and Red River Valley Bank v. Home Ins. Co., 607 So.2d 892 (La.App. 2nd Cir.1992). The plaintiff knew that the requisite documentation was missing from the I.R.S. file on September 15, 1989 and, therefore, had knowledge of the existence of the facts underlying his malpractice claim as of that date.
At page 39-40.
In this case, the plaintiff knew of or should have known of the potential tax liability as early as November of 2001. The trial court did not err in finding that this suit, instituted on September 15, 2003, was untimely and perempted under LSA-R.S. 9:5605.
Accordingly, the trial court's judgment granting defendant's motion and dismissing plaintiff's suit is affirmed. All costs are assessed against appellant.

AFFIRMED.