BOBBY R. WILLIAMS
v.
THOMAS C. DAMICO
No. 2008 CA 0914
Court of Appeals of Louisiana, First Circuit.
May 8, 2009.
Not designated for publication
BOBBY R WILLIAMS, In Proper Person, Plaintiff/Appellant, Bobby R. Williams
THOMAS C. DAMICO, Counsel for Defendant/Appellee, Thomas C. Damico
Before: CARTER, C.J., WHIPPLE, and DOWNING, JJ.
WHIPPLE, J.
Plaintiff, Bobby R. Williams, an inmate at Avoyelles Correctional Center in the custody of the Louisiana Department of Public Safety and Corrections, appeals from a judgment of the district court, maintaining a peremptory exception of prescription urged by the defendant, Thomas C. Damico, and dismissing plaintiffs suit for damages. We affirm.

Timeliness of the Appeal
After the appeal in this matter was lodged, this court, ex proprio motu, examined the record and found that the appeal appeared to have been filed untimely. Accordingly, on June 17, 2008, this court ordered the parties to show cause, by briefs, as to whether the appeal should or should not be dismissed. The issue of the timeliness of the appeal was referred to this panel after the appeal had been assigned. Thus, we will first address whether this appeal is properly before us.
With reference to the timeliness of this appeal, the record reflects the following pertinent dates and facts:
(1) On June 11, 2007, a hearing was held on defendant's peremptory exception of prescription. At the conclusion of the hearing, the district court ruled that plaintiffs underlying claim had prescribed and rendered oral reasons in support of its ruling.
(2) On June 27, 2007, the district court signed the judgment in this matter from which plaintiff seeks to appeal.
(3) On July 3, 2007, the notice of the judgment was mailed by the clerk of court.
(4) Because neither party filed a motion for new trial or judgment notwithstanding the verdict, the devolutive appeal had to be taken within sixty days from July 14, 2007, the expiration of the delays for filing such motions.[1] LSA-C.C.P. art. 2087(A)(1).[2]
(5) On January 22, 2008, plaintiff filed a Motion for Devolutive Appeal.
An appellant's failure to file a devolutive appeal timely is a jurisdictional defect, in that neither the court of appeal nor any other court has the jurisdictional power and authority to reverse, revise, or modify a final judgment after the time for filing a devolutive appeal has elapsed. Lay v. Stalder, 99-0402 (La. App. 1st Cir. 3/31/00), 757 So. 2d 916, 919. When an appellant fails to file a devolutive appeal from a final judgment timely, the judgment acquires the authority of the thing adjudged, and the court of appeal has no jurisdiction to alter that judgment. Lav v. Stalder, 757 So. 2d at 919.
Plaintiff contends that his appeal is timely, noting that although the notice of judgment was issued July 3, 2007, he made repeated requests for written judgment, but did not receive notice of the judgment until January 5, 2008.[3]
Thus, in order to prove that he did not receive notice of judgment until January 5, 2008, plaintiff requested that this Court remand for a hearing to be held before the district court and that the prison officials be ordered to produce the mail or legal log from Avoyelles Correctional Center documenting his receipt (or lack thereof) of any mail or legal pleadings or notices.[4]
In accordance with plaintiffs request, this Court issued an interim order requesting that the case be remanded to the district court for the "limited purpose of holding an evidentiary hearing to determine whether or not notice was properly issued." Because the Department's response to the Commissioner referenced a different inmate, "Robert Williams," not "Bobby R. Williams," and the mail log for "Bobby R. Williams" was not reviewed, this Court issued a second order, specifically directing that the district court conduct an evidentiary hearing to allow the parties to produce the prison mail/legal log for the pertinent period of July 3, 2007, through January 5, 2008, to determine if and when plaintiff received the district court's July 3, 2007 notice of judgment. The Commission responded by submitting an affidavit by Nannette Gauthier, an administrative assistant at Avoyelles Correctional Center, who stated that she had reviewed the mail/legal logs for the pertinent time period and that plaintiff did not receive any legal mail during the specified period.
Accordingly, we find that plaintiff adequately demonstrated that he did not receive notice of the June 27, 2007 judgment of the district court, maintaining the defendant's peremptory exception of prescription on plaintiffs underlying suit, prior to January 5, 2008. Thus, we find plaintiffs motion for appeal filed January 22, 2008, timely. See James v. Barr, XXXX-XXXX (La. App. 1st Cir. 10/31/08) (unpublished opinion). Having determined that this appeal is properly before us, we now address the merits of plaintiffs appeal.

Discussion
On January 11, 2007, plaintiff filed a petition for damages against the defendant, alleging legal malpractice by the defendant in his representation of plaintiff in a criminal matter, based on the October 25, 2005 dismissal of plaintiffs application for post conviction relief as untimely.
On February 15, 2007, defendant filed a peremptory exception of prescription, contending that he had acknowledged to plaintiff and plaintiffs sister by letter dated December 6, 2005, that the application was, in fact, "mistakenly" filed untimely. Moreover, on September 21, 2005, defendant met with plaintiff and they discussed the Commissioner's decision to dismiss the application for post conviction relief as untimely. The defendant advised plaintiff that the untimely filing was his "mistake." Thus, defendant contends that by October 25, 2005, but certainly no later than December 6, 2005, plaintiff was aware of the alleged negligent acts, which render his petition for damages filed January 11, 2007, in excess of the one-year liberative prescription period.
On June 11, 2007, the trial court conducted a hearing on the exception of prescription. At the conclusion of the hearing, the trial court issued oral reasons, finding that plaintiff had one year from the time he learned that defendant had not timely filed the application for post conviction relief to bring a suit for damages, and that plaintiff had failed to do so. In making its ruling, the trial court stated:
You learned that he screwed up prior to September [2] 1, 2005, but certainly by September [2]1, 2005, you had knowledge and he had admitted to you that he had screwed up. So at least one year from then ... by September 21 of 2006, you had to have filed your suit.
A written judgment maintaining defendant's exception of prescription was signed by the trial court on June 27, 2007.
When evidence is introduced at the hearing on a peremptory exception of prescription, the trial court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. Carter v. Haygood, XXXX-XXXX (La. 1/19/05), 892 So. 2d 1261, 1267. If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Babineaux v. State, Department of Transportation and Development, 2004-2649 (La. App. 1st Cir. 12/22/05), 927 So. 2d 1121, 1123. Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. Carter v. Haygood, 892 So. 2d at 1267.
Louisiana Revised Statute 9:5605(A) sets forth the prescriptive period for actions in legal malpractice:
A. No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
(Emphasis added.)
Prescription commences to run when a claimant knew or should have known of the existence of facts that would have enabled him to state a cause of action for legal malpractice. Trolly Corporation v. Boohaker, XXXX-XXXX (La. App. 1st Cir. 6/9/06), 938 So. 2d 157, 160. At the hearing on the peremptory exception of prescription, plaintiff candidly acknowledged meeting with defendant on September 21, 2005, to discuss the dismissal of his application and, further, receiving the December 6, 2005 letter from defendant, wherein defendant acknowledged to plaintiff that his filing of plaintiffs application for post conviction relief was untimely. Thus, considering the record and evidence herein, and applying the above precepts of law, we find no error in the trial court's determination that plaintiffs suit was not timely filed within the oneyear prescriptive period. Accordingly, we find no merit to plaintiffs assignment of error.

CONCLUSION
For the above reasons, the trial court's judgment of June 27, 2007 is affirmed. Costs of this appeal are assessed against the plaintiff, Bobby R. Williams.
AFFIRMED.
NOTES
[1] Louisiana Code of Civil Procedure article 1974 provides that the delay for filing a motion for new trial is seven days, exclusive of legal holidays. This period begins to run on the day after the clerk has mailed the notice of judgment required by LSA-C.C.P. art. 1913, which, in this case, is July 5, 2007, as July 4, 2007 was a legal holiday. The delays for filing a motion for new trial expired on July 13, 2007, and the devolutive appeal had to be taken by September 14, 2007.
[2] Louisiana Code of Civil Procedure article 2087(A)(1) provides as follows:

A. Except as otherwise provided in this Article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken within sixty days of any of the following:
(1) The expiration of the delay for applying for a new trial or judgment notwithstanding the verdict, as provided by Article 1974 and Article 1811, if no application has been filed timely.
[3] Plaintiff contends that he requested a written judgment on June 27, 2007, and again on November 8, 2007. After thoroughly reviewing the record, we note that the only evidence of a request for written judgment by plaintiff is a "Petition for Judgment on Exceptions" filed by plaintiff on November 8, 2007. Although plaintiff contends that his first request for written judgment was by a pleading entitled "Judgment of Trial of Exceptions," which plaintiff contends he filed on June 27, 2007, there is no evidence of this request in the record. Plaintiff further contends that in an attempt to procure a judgment from the trial court, he submitted a judgment, which was filed on November 6, 2007, that he prepared from the hearing on defendant's peremptory exception of prescription. The trial court noted on this proposed judgment, "assigns as written reasons the transcript of oral reasons issued in open court" and "The Court notes that the judgment on this matter was signed on June 27, 2007, and sent to all parties on July 3, 2007."
[4] Plaintiff did not challenge the sufficiency of the clerk of court's certification of the notice of judgment mailed by the clerk of court July 3, 2007, which is presumed to be correct unless refuted, amended, or corrected, at a proper proceeding, when it is shown to be in error. Boyle v. Tangipahoa Parish Police Jury, 457 So. 2d 1276, 1278 (La. App. 1st Cir. 1984).