STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

10-238

JOSIE STOKES WEATHERLY

VERSUS

FONSECA & ASSOCIATES, LLC, ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20086778
HONORABLE MARILYN C. CASTLE, DISTRICT JUDGE

**********

**OSWALD A. DECUIR**
**JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Oswald A. Decuir, and James T. Genovese, Judges.

**AFFIRMED.**

**Stan Gauthier, II**
**Nichole Laborde Romero**
**Attorneys at Law**
**1405 West Pinhook Road, Suite 105**
**Lafayette, La 70503**
**(337) 234-0099**
**Counsel for Plaintiff/Appellant:**
      **Josie Stokes Weatherly**

**Nancy A. Richeaux**
**Sharon B. Kyle, A.P.L.C.**
**4960 Bluebonnet Boulevard, Suite A**
**Baton Rouge, LA 70809**
**(225) 293-8400**
**Counsel for Defendant/Appellee:**
      **Manuel Builders, L.L.C.**

**Sera Hearn Russell, III**
**Attorney at Law**
**P. O. Box 53866**
**Lafayette, LA 70505-3866**
**(337) 237-7171**
**Counsel for Defendant/Appellee:**
**Manuel Builders, L.L.C.**

**Wayne Allen Shullaw**
**Attorney at Law**
**P. O. Box 4815**
**Lafayette, LA 70502-4815**
**(337) 266-2310**
**Counsel for Defendant/Appellee:**
**Montagnet & Domingue**

**James H. Gibson**
**David J. Ayo**
**Allen & Gooch**
**2000 Kaliste Saloom, Suite 400**
**Lafayette, LA 70508**
**(337) 291-1000**
**Counsel for Defendants/Appellees:**
**Fonseca & Associates, L.L.C.**
**R.J. Fonseca, Jr.**
**Standard Title, L.L.C.**
**Mitchell R. Landry**
**Continental Casualty Company**

**DECUIR, Judge.**

In this legal malpractice suit, the plaintiff/appellant challenges the trial court's grant of summary judgment in favor of her title attorneys.

## FACTS

Josie Stokes Weatherly (Weatherly) contracted with Manuel Builders, LLC (Manuel) for the construction of a home on her land. She paid the law firm of Fonseca & Associates, L.L.C. (Fonseca) to handle a loan closing with Bank of Abbeville and Trust Company. The loan closed on May 29, 2007. Fonseca did not provide a copy of the title opinion to Weatherly at that time.

In August 2007, Manuel notified Weatherly that there was a pipeline running across the property and that Gulf South Pipeline, LP had a servitude. At that time, it was determined that the residence encroached on the pipeline servitude. Weatherly halted construction.

On October 11, 2007, and November 2, 2007, Weatherly, through counsel, sent letters to Fonseca concerning the matter. On November 7, 2007, Fonseca replied, informing Weatherly of its negotiations to obtain a waiver from the pipeline company allowing construction to continue. Nevertheless, Weatherly did not allow construction to continue. Instead, on June 19, 2008, she filed suit in St. Martin Parish alleging malpractice against Fonseca and negligence on the part of Manuel. Fonseca filed exceptions of improper venue and improper cumulation of actions.

On September 17, 2008, a hearing was held on the exceptions. The trial court granted the exception of improper venue and ordered the matter transferred to Lafayette Parish. Judgment to that effect was submitted on October 27, 2008, and signed on November 14, 2008. The suit was filed in Lafayette Parish on December 1, 2008.

On September 4, 2009, Fonseca filed a motion for summary judgment in Lafayette Parish District Court alleging that Weatherly's malpractice claim was perempted under La.R.S. 9:5605. Weatherly filed an opposition asserting that peremption did not begin to run until January 2008 when her attorney received a copy of the title opinion. On November 4, 2009, the Lafayette Parish District Court granted Fonseca's motion for summary judgment.

Weatherly lodged this appeal.

**DISCUSSION**

Weatherly's sole contention on appeal is that the trial court erred in finding that her malpractice claim was perempted and in granting Fonseca's motion for summary judgment.

Appellate courts review summary judgments de novo under the same criteria that governed the trial court's consideration of whether or not summary judgment was appropriate. *Schroeder v. Bd. of Sup'rs of La. State Univ.*, 591 So.2d 342 (La.1991); *Soileau v. D & J Tire, Inc.*, 97-318 (La.App. 3 Cir. 10/8/97), 702 So.2d 818, *writ denied*, 97-2737 (La. 1/16/98), 706 So.2d 979. Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).

The threshold question in reviewing a trial court's grant of summary judgment is whether a genuine issue of material fact remains. *Kumpe v. State*, 97-386 (La.App. 3 Cir. 10/8/97), 701 So.2d 498, *writ denied*, 98-50 (La.3/13/98), 712 So.2d 882. After which, we must determine whether reasonable minds could conclude, based on the facts presented, that the mover is entitled to judgment. *Id.* Thus, summary

2

judgment is appropriate when all relevant facts are brought before the court, the relevant facts are undisputed, and the sole remaining issue relates to the legal conclusion to be drawn from the facts. *Id.*

Louisiana Revised Statutes 9:5605 provides that a malpractice claim must be "filed in a court of competent jurisdiction and proper venue withing one year" of the act or its discovery.

In this case, the Lafayette Parish District Court used Weatherly's October 11, 2007 letter to Fonseca to mark the beginning of the peremptive period. Weatherly contends that the St. Martin Parish District Court actually transferred the case at the September 2008 hearing on Fonseca's exception of improper venue, even though judgment to that effect was not signed until November 2008. Accordingly, she argues that the one year peremption period provided by La.R.S. 9:5605 did not expire. Fonseca argues that the matter is perempted because it was not filed in the proper venue until December 1, 2008.

The parties agree that this court addressed this issue in *Burns v. Goudeau*, 04-821 (La.App. 3 Cir. 11/10/04), 888 So.2d 1031. In that case, the court found that peremption had run. Weatherly asks that we reconsider the issue because the court did not address La.Code Civ.P. art. 121 which provides authority for transferring cases to a proper venue in the interest of justice. Weatherly contends the court's finding in *Burns* renders La.Code Civ.P. art. 121 meaningless. To the contrary, La.Code Civ.P. art. 121 works just as intended when prescription is involved. It is not of use when the issue is peremption. Accordingly, we decline to reconsider *Burns* as this argument has no merit. Likewise, we are unpersuaded by Weatherly's argument that service of process for the St. Martin Parish filing is relevant to the

expiration of the peremptive period. *See M & L Indus., L.L.C. v. Hailey*, 05-940 (La.App. 3 Cir. 3/1/06), 923 So.2d 869.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Josie Stokes Weatherly.

**AFFIRMED.**