CLARK, Justice.
 

 hWe granted certiorari to determine whether an adverse venue ruling can be reviewed upon appeal of the final judgment or whether the sole procedure by which to object is a supervisory writ. Additionally, we granted the matter to decide if a transferee court must make its own venue determination when ruling on an exception of peremption. For the reasons that follow, we find (1) the only mechanism by which to challenge an adverse venue ruling is a supervisory writ and (2) a trial court considering an exception of peremption must make an independent venue ruling for the limited purpose of deciding the exception of peremption.
 

 FACTS AND PROCEDURAL HISTORY
 

 John Edgar Land and Stella Karns Land both died in March 2007. The Lands were residents of East Baton Rouge Parish and were the parents of five children: John E. Land, Jennie Caroline Land, Susan Land Orellana, Gary James Land, and Polly Estelle Land Glover. John, Jennie, and Susan, (hereinafter, “the plaintiffs”), were excluded from their parents’ wills while Gary and Polly were named legatees. After the death of her parents, Polly approached the decedents’ attorney, Dennis Vidrine, (hereinafter, “the defendant”), and indicated that she and Gary thought the will was unfair and that they desired to share the succession assets equally with their siblings. |2The five children met with the defendant in East Baton Rouge Parish on April 12, 2007, where the defendant explained that the best option to achieve their goal was to proceed intestate. Accordingly, the defendant prepared and the five children executed the petition for the administration of an intestate succession, and it was filed in East Baton Rouge Parish.
 

 In August 2007, Polly and Gary decided they no longer wished to proceed intestate. Thus, the defendant filed a petition to probate the wills of John and Stella Land on August 22, 2007 in East Baton Rouge Parish. On April 11, 2008, the plaintiffs filed a legal malpractice suit in the Nineteenth Judicial District Court in East Baton Rouge Parish, claiming the defendant took a position directly adverse to them after establishing an attorney-client relationship.
 

 The defendant filed a declinatory exception of improper venue, contending Lafayette Parish was the proper venue insofar as Lafayette was the parish of his domicile, the locale of his legal office, and the location where the relevant legal documents were drafted. The East Baton Rouge Parish trial court granted the defendant’s exception of improper venue and transferred the ease to the Fifteenth Judicial District Court in Lafayette Parish on November 24, 2008.
 

 Once the matter was transferred to Lafayette Parish, the defendant filed an exception of peremption. Asserting the alleged malpractice occurred on August 22, 2007 when the petition to probate was filed, the defendant argued the plaintiffs had not filed suit in a court of proper jurisdiction and venue within one year pursuant to the provisions of La.R.S. 915605(A).
 
 [1]
 
 The Lafayette Parish trial
 
 *38
 
 court reasoned it was 13“ obligated to follow the [venue] ruling made in East Baton Rouge District Court as the ‘law of the case.’ ” Because the East Baton Rouge Parish trial court found venue was improper in East Baton Rouge Parish and the Lafayette Parish trial court believed it was unable to review that ruling, the Lafayette Parish trial court concluded the filing in Lafayette Parish was untimely on its face. Because the plaintiffs failed to show why the claim was timely, the Lafayette Parish trial court found the cause of action was barred by peremption and granted the defendant’s exception.
 

 The plaintiffs appealed to the Louisiana Third Circuit Court of Appeal, arguing the East Baton Rouge Parish trial court erred in granting the defendant’s exception of improper venue and in failing to recognize East Baton Rouge Parish as a parish of proper venue pursuant to La.Code Civ.P. art. 74.
 
 [2]
 
 Additionally, the plaintiffs challenged the Lafayette Parish trial court’s judgment granting the defendant’s exception of peremption. The court of appeal, relying on
 
 M & L Indus., L.L.C. v. Hailey,
 
 05-940 (La.App. 3 Cir. 3/1/06), 923 So.2d 869, found the plaintiffs, by not applying for supervisory writs to the Louisiana First Circuit Court of Appeal on the venue ruling, failed to timely seek review of the issue and essentially waived any objection they had to the ruling. As such, the court of appeal found the issue was 14outside its scope of review. Regarding the peremption ruling, the court of appeal found the alleged act of malpractice occurred on August 22, 2007. The plaintiffs’ claim for malpractice was not filed in a parish of proper venue until November 24, 2008, more than a year from the alleged act of malpractice. Finding the plaintiffs did not meet their burden of proving that the claim was not perempted, the court of appeal affirmed the ruling of the Lafayette Parish trial court.
 
 John E. Land, III v. Dennis Vidrine,
 
 09-1418 (La.App. 3 Cir. 4/7/10), 30 So.3d 1188.
 

 We granted certiorari to determine whether the plaintiffs waived their right to seek review of a venue ruling when they did not seek supervisory review via a writ application. Additionally, we granted cer-tiorari to address the ability of the Lafayette Parish trial judge (as judge in the transferee court) to consider venue for purposes of peremption.
 
 John E. Land, III v. Dennis Vidrine,
 
 10-1342 (La.11/12/10), 49 So.3d 875.
 

 APPLICABLE LAW
 

 In
 
 Louisiana Municipal Association v. State,
 
 04-0227, pp. 35-36 (La.1/19/05), 893
 
 *39
 
 So.2d 809, 886-37, this court set forth the following standard of review:
 

 Questions of law, such as the proper interpretation of a statute, are reviewed by this court under the de novo standard of review.
 
 Cleco Evangeline v. Louisiana Tax Com’n,
 
 2001-2162, p. 8 (La.4/3/02), 813 So.2d 351, 353. After our review, we “render judgment on the record, without deference to the legal conclusions of the tribunals below. This court is the ultimate arbiter of the meaning of the laws of this state.”
 
 Id.
 

 “Legislation is the solemn expression of legislative will, and therefore, the interpretation of a law involves primarily the search for the legislature’s intent.” La.Code Civ. art. 2;
 
 Detillier v. Kenner Regional Medical Center,
 
 2003-3259, p. 3 (La.7/6/04), 877 So.2d 100, 103;
 
 Grant v. Grace,
 
 2003-2021, p. 4 (La.4/14/04), 870 So.2d 1011, 1014;
 
 Sultana Corp. v. Jewelers Mut. Ins. Co.,
 
 2003-0360, p. 3 (La.12/3/03), 860 So.2d 1112, 1115. The interpretation of a statute starts with the language of the statute itself.
 
 Grant,
 
 2003-2021 p. 4, 870 So.2d at 1014. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and no further interpretation may be made in search of the intent of the legislature. La.Code Civ. art. 9;
 
 Detillier,
 
 2003-3259 p. 4, 877 So.2d at 103.
 

 | ¿DISCUSSION
 

 In addressing the proper procedure for a party to seek review of a venue ruling, we note, as an initial observation, that a venue ruling is an interlocutory judgment. La.Code Civ. P. art. 1841;
 
 Savoie v. Rubin,
 
 01-3275, p. 3 (La.6/21/02), 820 So.2d 486, 488. La.Code Civ.P. art. 2083 sets forth the law regarding the ability to appeal an interlocutory judgment:
 

 A. A final judgment is appealable in all causes in which appeals are given by law, whether rendered after hearing, by default, or by reformation under Article 1814.
 

 B. In reviewing a judgment reformed in accordance with a remittitur or addi-tur, the court shall consider the reasonableness of the underlying jury verdict.
 

 C. An interlocutory judgment is ap-pealable only when expressly provided by law.
 

 (Emphasis added).
 
 [3]
 

 The plaintiffs in this case argue the venue ruling, as an interlocutory judgment, can be considered on appeal of the final judgment, while the defendant contends the plaintiffs waived their objection to the venue ruling by failing to seek a supervisory writ. The plain language of La.Code Civ.P. art. 2083 is clear that interlocutory judgments are appealable only in certain enumerated instances. However, we concede there is ambiguity as to whether the article is addressing the ability to immediately appeal interlocutory judgments or the ability to appeal such judgments 16upon review of the final judgment. With ambiguity present, we must consider the legislative intent.
 

 
 *40
 
 We acknowledge that the 2005 amendment to La.Code Civ.P. art. 2083 was enacted to ameliorate the confusion with which attorneys were confronted when a trial court issued an adverse interlocutory ruling. Prior to the amendment, parties were permitted to file a supervisory writ and/or an interlocutory appeal; the latter option was conditioned on a party’s ability to show irreparable injury, which proved to be a vague standard. In an effort to eradicate lengthy delays of trials while the issues were being decided on appeal, the legislature specified that a supervisory writ was the proper mechanism to seek review of an adverse interlocutory ruling. Efficiency and judicial economy were the primary goals of the legislature in enacting the 2005 amendment. La.Code Civ.P. art. 2083, comment (c); Minutes, House Civil Law Committee, 2005 Reg. Sess., May 17, 2005, at 6-8.
 

 Comment (a) to La.Code Civ.P art. 2083 offers two examples of legislation that provide for the appeal of interlocutory judgments: Code of Civil Procedure Articles 3612 and 592(A)(3)(b), which concern preliminary/final injunctions and certification/decertification of class action classes, respectively. Comment (a) also states: “Appellate review of all other interlocutory judgments should now be applied for pursuant to the appellate court’s supervisory authority set forth in Article 2201
 
 [4]
 
 , the Uniform Rules, Courts of Appeal, and the Rules of the Supreme Court of Louisiana.” Comment (c) to La.Code Civ.P. art. 2083 states:
 

 The 2005 amendment to Article 2083 was made for several reasons. First, it eliminates the uncertainty of selection between an interlocutory appeal and supervisory writ as the proper procedure when the 17overlapping and ill-defined irreparable injury standard is thought to be applicable to the trial court’s ruling. See Maraist and Lemmon, Vol. I, Louisiana Civil Law Treatise, § 14.17. Secondly, the procedures inherent in an interlocutory appeal often created unnecessary delay in the progress of a lawsuit at the trial court level. See
 
 Hamilton Medical Group v. Ochsner Health Plan,
 
 550 So.2d 290, 292 (La. App. 3 Cir.1989). Finally, the amendment promotes uniformity and clarity in appellate practice in that there is now one delay period provided in Uniform Rules — Courts of Appeal § 4.3 for seeking appellate review of all interlocutory judgments except those for which an appeal is expressly provided, rather than multiple periods under the prior system when both a supervisory writ and an appeal were options.
 

 After reviewing the comments and legislative history and remaining mindful that judicial efficiency and expediency were the motivating factors behind the amendment, we find that, with respect to venue rulings, which are threshold inquiries, litigants are required to seek review via supervisory writs. Failure to timely file a writ application on a venue ruling amounts to a waiver of any objection thereto. We note, however, that this holding is limited in nature and pertains only to a venue ruling, which is the only interlocutory judgment currently before us for consideration.
 

 Choice of venue is a gateway consideration that is separate from the merits of the case and addresses only the initial inquiry of where to litigate. Absent allegations of bias or the operation of
 
 fo
 
 
 *41
 

 rum non conveniens,
 
 courts are presumed to administer equal justice wherever they are located. In
 
 LeBlanc v. Thomas,
 
 2008-2869, p. 8 (La.10/20/09), 23 So.3d 241, 245, we stated:
 

 This Court has determined that the Louisiana Civil Code of Procedure “articles governing venue are based on legislative considerations for allocating cases, according to the particular action and the particular parties, among the various parishes which have an interest in the action ...”
 
 Underwood v. Lane Memorial Hospital,
 
 97-1997 (La.7/8/98), 714 So.2d 715, 716. This Court has recognized venue as a “convenience factor as opposed to a jurisdictional factor.”
 
 Id.
 

 Thus, when a plaintiff does not object to the transfer of his case to another parish, it can be said he consented to the new location of the trial. To hold that a venue objection can be raised on final appeal (1) ignores the fact that venue, which | sis solely a matter of convenience, does not affect the ultimate determination of the merits and (2) creates a tactical scenario where a litigant who is not successful at trial can seek to retry the merits of the case when an otherwise valid judgment has already been rendered. To allow deferral of a venue challenge disregards the very purpose of venue rules.
 

 To further illustrate the point, we analogize to La.Code Civ.P. arts. 44(C)
 
 [5]
 
 and 928(A),
 
 [6]
 
 which require a defendant to plead the declinatory exception of improper venue prior to filing an answer on penalty of the objection being deemed waived. These articles demonstrate that general venue objections can be waived and the primary consideration is timeliness. These codal provisions and our holding today reiterate our understanding that venue is an early determination that governs a trial’s location, not its result. We note that our holding is in line with each appellate court of our state that has ruled on the issue. Namely, the first, second, third, and fifth circuits have similarly held that a litigant must file a supervisory writ in order to receive review of an adverse venue ruling.
 
 See Alexander v. Palazzo,
 
 2008-1541 (La.App. 1 Cir. 2/13/09), 5 So.3d 950;
 
 Danny Weaver Logging, Inc. v. Norwel Equipment Co.,
 
 33,793 (La.App. 2 Cir. 8/23/00), 766 So.2d 701;
 
 M & L Indus., L.L.C.,
 
 923 So.2d 869; and
 
 Farrar v. Certified Coatings Of California, Inc.,
 
 09-920 (La.App. 5 Cir. 3/23/10), 38 So.3d 940. Thus, we find the plaintiffs waived their right to challenge the East Baton Rouge Parish trial court’s ruling on venue.
 

 Next, we consider the ability of the transferee court to consider the venue issue solely for the purposes of peremption. We note from the outset that the Lafayette Parish trial court erred in reasoning that it was precluded from considering the venue issue based on the “law of
 
 *42
 
 the case doctrine.” Under this doctrine, courts of appeal generally refuse to reconsider their own rulings of law on a subsequent appeal in the same case.
 
 Garrison v. St. Charles Gen. Hosp.,
 
 03-0423, p. 1 (La.4/25/03), 845 So.2d 1047, 1047 (per cu-riam). The doctrine does not apply in the context of a trial court ruling on interlocutory issues or a transferee court being asked to consider a ruling of the transferor court. Having found no merit to the trial court’s stated reason for failing to consider the venue issue, we now address whether La.R.S. 9:5605 allows or requires such consideration.
 

 The plaintiffs contend La. R.S. 9:5605 requires the trial court considering the exception of peremption to make an independent ruling on venue. The defendant, however, avers this requirement would position the transferee court as an appellate court over the transferor court. For the reasons that follow, we agree with the plaintiffs. La. R.S. 9:5605 provides that no action for damages against attorneys “shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect....” The trial court that is tasked with determining whether the case is perempted must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue. As we previously stated, the “law of the case doctrine” is not applicable in the instant situation. In the absence of a legal barrier precluding | ^consideration of the issue, we find the East Baton Rouge Parish trial court’s venue ruling should have been merely presented as evidence in support of the defendant’s exception of peremption, not as a conclusion of law. The Lafayette Parish trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the determination, however, has no practical bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of peremption, does not alter the location of the current and/or future proceedings of the case. If the Lafayette Parish trial court finds that venue was proper in East Baton Rouge Parish, then it is required to deny the defendant’s exception of peremption and proceed with the trial in Lafayette Parish. Alternatively, if the Lafayette Parish trial court finds that venue was improper in East Baton Rouge, then it is required to continue its analysis of whether the filing in Lafayette Parish was timely. If the case was not timely filed in Lafayette Parish, the exception of peremption must be granted and the case dismissed. Thus, the only venue ruling in this case that is subject to review by the Louisiana Third Circuit Court of Appeal is the venue finding that is incorporated into the peremption ruling by the Lafayette Parish trial court. This procedure ensures that the appellate courts are only considering judgments within their jurisdiction.
 

 We note that our previous decision of
 
 Phillips v. Patterson Ins. Co.,
 
 97-2748 (La.1/9/98), 704 So.2d 246, 247 supports this holding. In that case, we stated, “... the trial court’s decision on venue was reviewable by the court of appeal and by this court on appeal after trial on the merits, at least for prescription purposes.”
 

 DECREE
 

 For the reasons stated herein, the case is remanded to the Fifteenth Judicial District Court in Lafayette Parish to determine whether, based on the record before | nit, East Baton Rouge was a parish of proper venue for purposes of La.R.S. 9:5605 only.
 

 REMANDED.
 

 [1]
 

 . La.R.S. 9:5605(A) provides: No action for damages against any attorney at
 
 *38
 
 law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
 

 [2]
 

 . La.Code Civ.P. art. 74 provides:
 

 An action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained. An action to enjoin the commission of an offense or quasi offense may be brought in the parish where the wrongful conduct occurred or may occur.
 

 As used herein, the words "offense or quasi offense" include a nuisance and a violation of Article 667 of the Civil Code.
 

 [3]
 

 . Acts 2005, No. 205, § 1, which became effective on January 1, 2006, rewrote the article, which had previously provided:
 

 A. An appeal may be taken from a final judgment rendered in causes in which appeals are given by law whether rendered after hearing or by default, from an interlocutory judgment which may cause irrepa-rabie injury, and from a judgment reformed in accordance with a remittitur or additur under Article 1814.
 

 B. In reviewing a judgment reformed in accordance with a remittitur or additur, the court shall consider the reasonableness of the underlying jury verdict.
 

 [4]
 

 . La.Code Civ.P. art. 2201 provides, “Supervisory writs may be applied for and granted in accordance with the constitution and rules
 
 ol
 
 the supreme court and other courts exercising appellate jurisdiction.”
 

 [5]
 

 . La.Code Civ.P. art. 44(C) provides: "Except as otherwise provided in this article or by other law, any objection to the venue, including one based on any article in this Chapter, is waived by the failure of the defendant to plead the declinatory exception timely as provided in Article 928.”
 

 [6]
 

 . La.Code Civ.P. art. 928(A) provides:
 

 The declinatory exception and the dilatory exception shall be pleaded prior to or in the answer and, prior to or along with the filing of any pleading seeking relief other than entry or removal of the name of an attorney as counsel of record, extension of time within which to plead, security for costs, or dissolution of an attachment issued on the ground of the nonresidence of the defendant, and in any event, prior to the confirmation of a default judgment. When both exceptions are pleaded, they shall be filed at the same time, and may be incorporated in the same pleading. When filed at the same time or in the same pleading, these exceptions need not be pleaded in the alternative or in a particular order.