# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1323


## JOSIE STOKES WEATHERLY

## VERSUS

## FONSECA & ASSOCIATES, LLC, ET AL.


**\*\*\*\*\*\*\*\*\*\***
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. C-20086778
HONORABLE MARILYN C. CASTLE, PRESIDING
**\*\*\*\*\*\*\*\*\*\***


## SYLVIA R. COOKS
### JUDGE
**\*\*\*\*\*\*\*\*\*\***


Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**David J. Ayo**
**James H. Gibson**
**Allen & Gooch**
**2000 Kaliste Saloom Rd., Suite 400**
**P.O. Box 81129**
**Lafayette, LA 70508-1129**
**(337) 291-1000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
  **Fonseca & Associates, LLC; R.J. Fonseca, Jr.; Standard Title, LLC;**
  **Mitchell R. Landry; Continental Casualty Company**

**Stan Gauthier, II**
**Michael G. Johnston, II**
**1405 West Pinhook Road, Suite 105**
**Lafayette, LA 70503**
**(337) 234-0099**
**COUNSEL FOR PLAINTIFF-APPELLANT**
  **Josie Stokes Weatherly**

**COOKS, Judge.**

The Plaintiff appeals the judgment of the trial court granting the Defendants' motion for summary judgment and dismissing Plaintiff's claim as perempted. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2004, Josie Stokes Weatherly and her husband purchased a tract of land in Breaux Bridge, Louisiana. Soon after, they placed a mobile home on the property, put in a concrete driveway, and made other improvements.

In late 2006, Weatherly decided she wanted to build a house on the property. To that end, she sold the mobile home, secured financing, and contracted with Manuel Builders to build the house. On May 29, 2007, a closing on the loan was scheduled with Mitchell Landry. In connection with the closing, a title opinion was prepared.

We surmise, in 2007, while construction of the house was ongoing, Manuel Builders discovered a pipeline running across the property and became aware that Gulf South Pipeline, LP had a pipeline servitude on the site. Weatherly was told construction would have to stop.

Weatherly then obtained counsel, Mickey Mason, who sent a letter to Mitchell Landry informing him he was representing Weatherly. On November 2, 2007, Mason wrote another letter to Landry requesting his "'position' on this entire matter."

On June 19, 2008, Weatherly filed suit in St. Martin Parish against Fonseca & Associates, LLC, R.J. Fonseca, Jr., Standard Title, LLC, and Mitchell Landry (hereafter referred to as the Attorneys). Weatherly alleged the Attorneys were liable because the title opinion prepared in connection with the closing did not disclose the existence of the pipeline servitude. Weatherly also named Manuel Builders as a defendant, alleging it was negligent for building the house within the

pipeline servitude. On September 10, 2009, Manuel Builders filed a cross-claim against the Attorneys.

The Attorneys responded with an Exception of Improper Venue and Improper Cumulation of Actions. After a hearing, the district court concluded St. Martin Parish was a parish of improper venue and granted the Exception of Improper Venue. The district court ordered venue transferred to Lafayette Parish. On December 1, 2008, the matter was filed in Lafayette Parish. Weatherly did not immediately appeal the judgment granting the Exception of Improper Venue.

After the matter was transferred, the Attorneys filed their answer to Weatherly's petition and Manuel Builder's cross-claim. Weatherly subsequently amended her petition to add the Attorneys' insurer as a party defendant. The parties then began engaging in discovery.

On September 4, 2009, the Attorneys filed a Motion for Summary Judgment contending Weatherly's claim and Manuel Builders' cross-claim were both perempted under La.R.S. 9:5605. Weatherly filed an opposition contending her claim was timely, because the peremptive period did not begin running until January 22, 2008, when her counsel obtained a copy of the title opinion. Manuel Builders also filed an opposition contending its cross-claim was one for indemnity, and thus, timely.

The Attorneys' summary judgment motion was heard on October 19, 2009. After hearing argument and receiving evidence from the parties, the trial court took the matter under advisement. The trial court, at its request, was provided a copy of the transcript of the venue hearing in St. Martin Parish. The transcript indicated the district court judge in St. Martin Parish ordered the matter transferred rather than dismissed at Weatherly's request. While the Attorneys' motion for summary judgment was still under advisement, Weatherly filed a Motion and Order For Devolutive Appeal in Lafayette Parish seeking an appeal of the St. Martin Parish

2

venue judgment. The Lafayette Parish district court judge denied Weatherly's motion.

On November 4, 2009, the Lafayette Parish district judge rendered written reasons granting the Attorneys' Motion for Summary Judgment. Because Manuel Builders was still a defendant, Weatherly filed an unopposed Motion to Amend Judgment to designate it as final for purposes of appeal. The trial judge signed an amended judgment designating the judgment as final. Weatherly appealed to this court.

In *Weatherly v. Fonseca & Associates, LLC*, 10-238 (La.App. 3 Cir. 10/6/10), 48 So.3d 391, this court affirmed the dismissal of Weatherly's claim as perempted. This court relied on the case of *Burns v. Goudeau*, 04-821 (La.App. 3 Cir. 11/10/04), 888 So.2d 1031, wherein we found peremption had run under similar circumstances. Weatherly argued we should reconsider the issue because the *Burns* opinion did not address La.Code Civ.P. art. 121, which provides authority for transferring cases to a proper venue in the interest of justice. Weatherly contended the finding in *Burns* rendered La.Code Civ.P. art. 121 meaningless. However, we found La.Code Civ.P. art. 121 works just as intended when prescription is involved, but is of no use when the issue is peremption. Thus, we found no merit in that argument.

Weatherly then applied for writs to the Louisiana Supreme Court, which granted writs, stating as follows: "Writ granted. The case is remanded to the district court for reconsideration in light of this Court's recent decision of *Land v. Vidrine*, 10-1342, (La.3/15/11) 62 So.3d 36." *Weatherly v. Fonseca & Associates, LLC*, 10-2461 (La. 6/17/11), 63 So.3d 1027.

On remand, in compliance with the supreme court's writ instructions, the trial court issued a "Reconsideration Ruling After Remand." The trial court noted it considered the St. Martin Parish venue ruling in connection with her original

3

preemption ruling, stating "[a]lthough not specifically stated in the written ruling which was issued, there is clearly no independent basis for venue in St. Martin Parish as to the attorney defendants." A judgment in accordance with this reasoning was entered, again granting the Attorneys' Motion for Summary Judgment and dismissing Weatherly's claim as perempted. This appeal followed.

## ANALYSIS

The remand by the supreme court required the trial court to reconsider its ruling in light of *Land*, 62 So.3d 36. In *Land*, the plaintiffs, residents of East Baton Rouge Parish, filed a legal malpractice action in East Baton Rouge Parish against an attorney whose office was located in Lafayette Parish. The attorney filed a declinatory exception of improper venue, contending Lafayette Parish was the proper venue insofar as Lafayette was the parish of his domicile, the locale of his legal office, and the location where the relevant legal documents were drafted. The East Baton Rouge Parish district court granted the attorney's exception of improper venue and transferred the case to the district court in Lafayette Parish. Once the matter was transferred to Lafayette Parish, the defendant filed an exception of peremption, contending suit was not filed in a parish of proper jurisdiction and venue within one year pursuant to the provisions of La.R.S. 9:5605(A). The Lafayette Parish district court reasoned it was compelled to follow the East Baton Rouge district court venue ruling as the "law of the case." Thus, because the East Baton Rouge Parish district court found venue was improper in East Baton Rouge Parish and the Lafayette Parish district court believed it was unable to review that ruling, the Lafayette Parish district court concluded the filing in Lafayette Parish was untimely on its face. The Lafayette Parish district court found the cause of action was barred by peremption and granted the attorney's exception.

On appeal to this court, we relied on *M & L Indus., L.L.C. v. Hailey*, 05-940 (La.App. 3 Cir. 3/1/06), 923 So.2d 869, in *Land*, to find the plaintiffs, by not

4

applying for supervisory writs to the Louisiana First Circuit Court of Appeal on the venue ruling, failed to timely seek review of the issue and essentially waived any objection they had to the ruling. Thus, we found the issue was not reviewable on appeal. As to the peremption ruling, we concluded plaintiffs' claim for malpractice was not filed in a parish of proper venue within one year from the date of the alleged act of malpractice. Finding plaintiffs failed to meet their burden of proving the claim was not perempted, we affirmed the Lafayette Parish district court's peremption ruling. *Land v. Vidrine*, 09-1418 (La.App. 3 Cir. 4/7/10), 30 So.3d 1188.

The supreme court granted writs to determine whether the plaintiffs waived their right to seek review of a venue ruling when they did not apply for writs, and, of relevance to this appeal, whether the Lafayette Parish district judge could consider venue anew for purposes of peremption. *Land v. Vidrine*, 10-1342 (La. 11/12/10), 49 So.3d 875.

Pertinent to this appeal, the supreme court in *Land* discussed whether a transferee court in addressing peremption has to determine for itself whether the court transferring jurisdiction was a parish of proper jurisdiction. The court held:

> The trial court that is tasked with determining whether the case is perempted must consider all the grounds for peremption, including whether the case was timely filed in a court of proper venue. As we previously stated, the "law of the case doctrine" is not applicable in the instant situation. In the absence of a legal barrier precluding consideration of the issue, we find the East Baton Rouge Parish trial court's venue ruling should have been merely presented as evidence in support of the defendant's exception of peremption, not as a conclusion of law. The Lafayette Parish trial court is required to rule on venue only for purposes of deciding whether the cause of action is still viable; the determination, however, has no practical bearing on the actual choice of forum. In other words, the venue decision, when considered in the context of an exception of peremption, does not alter the location of the current and/or future proceedings of the case. If the Lafayette Parish trial court finds that venue was proper in East Baton Rouge Parish, then it is required to deny the defendant's exception of peremption and proceed with the trial in Lafayette Parish. Alternatively, if the Lafayette Parish trial court finds that venue was improper in East Baton Rouge, then it is required to continue its

5

> analysis of whether the filing in Lafayette Parish was timely. If the case was not timely filed in Lafayette Parish, the exception of peremption must be granted and the case dismissed. Thus, the only venue ruling in this case that is subject to review by the Louisiana Third Circuit Court of Appeal is the venue finding that is incorporated into the peremption ruling by the Lafayette Parish trial court. This procedure ensures that the appellate courts are only considering judgments within their jurisdiction.

*Land*, 62 So.3d at 42.

Based on its holding in *Land* that a transferee court has to make a determination whether the transferor court was a parish of proper venue, the supreme court granted Weatherly's writ and remanded the case back to the trial court "for reconsideration in light of [the] decision in *Land* . . . ."

To comply with the supreme court's order, the Lafayette Parish district judge issued a "Reconsideration Ruling After Remand." The trial judge noted that in opposing the motion for summary judgment, Weatherly "did not argue venue was independently proper as to the attorney defendants," but rather "claimed venue in St. Martin Parish was proper as to one of the defendants, Manuel Builders, and therefore under [La.Code Civ.P. art.] 73 was proper as to the attorney defendants." The trial judge found Manuel Builders and the attorneys were not joint obligors. She also noted she had considered the St. Martin Parish venue ruling in connection with her original peremption ruling. She explained: "Although not specifically stated in the written ruling which was issued, there is clearly no independent basis for venue in St. Martin Parish as to the attorney defendants." The prior ruling granting the motion for summary judgment was reaffirmed, and a judgment so reflecting was rendered.

We find the Lafayette Parish district court's "Reconsideration Ruling After Remand" sufficiently complied with the supreme court's reconsideration order. Thus, the only issue before this Court is whether this reconsideration ruling concluding St. Martin Parish was a parish of improper venue is correct.

6

However, a review of Weatherly's brief reveals there is no assignment of error nor discussion relating to the issue of venue in St. Martin Parish. On remand, Weatherly did not raise any issue regarding the nature of the petition filed, i.e., whether it sounds in contract or tort, or both; and whether any exception to the ordinary venue provisions ought to apply in this case. See La.CodeCiv.P. art 74.1, which provides "[a]n action for the recovery of damages for an offense or quasi offense may be brought in the parish where the wrongful conduct occurred, or in the parish where the damages were sustained"; La.Code Civ.P. art. 76.1, which provides "[a]n action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract." We have been cautioned many times that our role is not to supply issues for review.

The arguments made by Weatherly in brief reassert the same arguments made in the previous appeal before this court. Although acknowledging we previously considered the arguments urged now and the supreme court granted writs on other grounds, i.e., the venue issue, in brief Weatherly states she "respectfully disagrees with this Honorable Court's original decision and accordingly suggests that same be reviewed. . . ."

Searching for an explanation for Weatherly's failure to raise the venue issue, we asked at oral argument whether any new evidence was presented to establish the proper venue on remand. Weatherly's counsel acknowledged none had been presented and continued "full speed ahead" with the same arguments he presented in the first appeal to this court. Rather than address the venue issue, counsel for Weatherly argued (1) La.Code Civ.P. art. 121's reference to the "interests of justice" prevents peremption from running in this case and (2) because suit was filed and service obtained prior to the expiration of the peremptive period, even though deemed to have been filed in an improper venue, if the matter has been

7

transferred to a court of proper venue, the expiration of the peremptive period does not affect a pending lawsuit.

The record establishes the trial court's ruling on the venue issue was not challenged below or on this appeal. Weatherly's failure to advance any argument whatsoever on that issue constitutes an abandonment of that issue. Louisiana Uniform Rules-Courts of Appeal, Rule 2-12.4. As a result, we can only consider the broader preemption question accepting as unchallenged the trial court's finding that venue was improper in St. Martin Parish. We reiterate our holding in our previous appeal, citing with approval the opinion in *Burns*, that La.Code Civ.P. art. 121 does not allow us to avoid the consequences of preemption in the interests of justice when a suit has been filed in a court of improper venue. We also find La.R.S. 9:5605 requires that suit be *filed* in a court of competent jurisdiction and proper venue within one year. The date of service is irrelevant.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant, Josie Stokes Weatherly.

**AFFIRMED.**