NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 14-374

KITE BROS., LLC

VERSUS

KITE RV, LLC, ET AL.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2013-0568
HONORABLE F. RAE DONALDSON SWENT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

SHANNON J. GREMILLION

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of, Sylvia R. Cooks, Jimmie C. Peters, and Shannon J. Gremillion, Judges.

APPEAL DISMISSED.

Kenneth Michael Wright
Attorney at Law
203 West Clarence St.
Lake Charles, LA 70601
(337) 439-6930
COUNSEL FOR DEFENDANTS/APPELLANTS:
     Alan Kite
     Kite RV, LLC

**Scott James Scofield**
**Scofield, Gerard**
**Post Office Drawer 3028**
**Lake Charles, LA 70602**
**(337) 433-9436**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Kite Bros., LLC**

**GREMILLION, Judge.**

This court issued, sua sponte, a rule ordering the Defendants-Appellants, Alan Kite and Kite RV, L.L.C., to show cause, by brief only, why the appeal in this case should not be dismissed for having been taken from a non-appealable, interlocutory judgment. For the reasons assigned, we hereby dismiss the appeal.

Plaintiff, Kite Bros., L.L.C., filed suit against Defendants in Beauregard Parish seeking a money judgment and recognition of a vendor's lien. In response to Plaintiff's suit, Defendants filed an exception improper venue. On October 11, 2013, a hearing was held on Defendants' exception of improper venue. On November 7, 2013, trial court issued written reasons for the denial of Defendants' exception of improper venue. Citing La.Code Civ.P. art. 45, which governs conflicts between venue articles, the trial court held that because Defendants did not argue that the exclusive venue provisions set forth in La.Code Civ.P. arts. 78-84, 86, and 87 were applicable to the instant case, Plaintiff is permitted to file its lawsuit in any venue provided by any applicable venue article. Based on its finding that venue would be proper in Beauregard Parish with the application of either La.Code Civ.P. art. 42(1) or (2), the trial court denied Defendants' exception of improper venue via its written reasons of November 7, 2013.

On December 27, 2013, Defendants filed a motion for appeal; however, the trial court denied the motion because, at that point, no written judgment had been signed with regard to the exception of improper venue. Also, on December 27, 2013, Defendants filed a notice of intent to seek writs from the trial court's November 7, 2013, decision denying their exception of improper venue. Subsequently, on January 6, 2014, Defendants filed in this court a writ application which was assigned this court's docket number 14-16. On January 16, 2014, this

court issued a ruling denying Defendants' writ application based on this court's finding that Defendants had failed to show that the trial court erred in denying Defendants' exception of improper venue.

Meanwhile, on January 6, 2014, Defendants filed in the trial court an exception of lis pendens, and a hearing was held on the exception on January 7, 2014. On January 7, 2014, the trial court signed a judgment denying Defendants' exception of lis pendens and formally denying Defendants' exception of improper venue. On January 21, 2014, the trial court issued, per defendants' request, written reasons for its January 7, 2014, judgment. On January 13, 2014, Defendants filed a motion to appeal the trial court's judgment of January 7, 2014. The order of appeal was signed on February 28, 2014, and the appeal record was lodged in this court on April 4, 2014. As stated above, upon the lodging of the record in this appeal, this court issued a rule for Defendants to show cause why the appeal should not be dismissed as having been taken from a non-appealable, interlocutory judgment.

In their response to this court's rule to show cause order, Defendants contend that the question before this court is whether a ruling denying an exception of improper venue can be appealed or whether a party's only recourse for seeking review of the denial of such an exception is to file an application for supervisory review. Defendants note that they have sought review of the trial court's ruling denying their exception of improper venue by filing both an appeal and a writ application. Citing *Patterson v. Alexander & Hamilton, Inc.*, 02-1230 (La.App. 1 Cir. 4/2/03), 844 So.2d 412, Defendants maintain that while a judgment denying an exception of improper venue is an interlocutory judgment which would not

2

normally be appealable, a judgment denying an exception of improper venue may be considered appealable because it may cause irreparable harm.

Plaintiff has submitted a brief in reply to Defendants' response to this court's rule to show cause order. Plaintiff contends that while Defendants devote their entire response to the rule to show cause order to a discussion of the exception of improper venue, the ruling that is actually being appealed is the trial court's ruling denying Defendants' exception of lis pendens. However, Plaintiff asserts that a judgment denying an exception of lis pendens is not appealable. Furthermore, Plaintiff asserts that pursuant to La.Code Civ.P. art. 925(C), Defendants waived their right to assert an exception of lis pendens because they did not raise the exception of lis pendens when they filed their exception of improper venue in July 2013.

With regard to the exception of improper venue, Plaintiff contends that Defendants cannot appeal the trial court's judgment denying that exception. Plaintiff notes that before La.Code Civ.P. art. 2083 was amended in 2005, that article allowed parties to appeal an "interlocutory judgment which may cause irreparable injury." However, Plaintiff points out that in 2005, Article 2083(C) was amended to provide that "[a]n interlocutory judgment is appealable only when expressly provided by law." Plaintiff cites *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36, in support of the assertion that challenges to venue rulings can only be made via applications for supervisory writs. In the instant case, Relator notes that Defendants have already filed, under this court's docket number 14-16, a writ application seeking review of the trial court's ruling denying Defendants' exception of improper venue. Plaintiff also notes that in writ application number 14-16, this court upheld the trial court's ruling on Defendants' exception of

3

improper venue. According to Plaintiff, Defendants are not entitled to "a second bite of the appellate review apple" with regard to the venue ruling.

We note that the only ruling addressed in Defendants' rule to show cause order and in their appellate brief is the ruling on the exception of improper venue. As such, we find that Relator seeks to appeal only that portion of the January 7, 2014, judgment which deals with the denial of their exception of improper venue. However, we find that a judgment denying the exception of improper venue is an interlocutory ruling and that the proper procedural means for seeking review of that ruling is to file an application for supervisory relief. *See* La.Code Civ.P. art. 2083; *see also Land*, 62 So.3d 36. Furthermore, as noted by Plaintiff, Defendants previously filed with this court a writ application wherein they obtained appellate review of the trial court's ruling denying their exception of improper venue. Therefore, we find that it is unnecessary to permit the filing of another writ application challenging this judgment as this court has already considered this matter.

For the foregoing reasons, we dismiss the appeal at Defendants' cost.

**APPEAL DISMISSED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.