NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

**16-37**

**STATE IN THE INTEREST OF K.L.**

**********

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. JC-2008-0006, DIVISION A
HONORABLE J. BYRON HEBERT, DISTRICT JUDGE

**********

**ULYSSES GENE THIBODEAUX
CHIEF JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Billy Howard Ezell, and John E. Conery, Judges.

**REVERSED AND RENDERED.**

Nicholas Pizzolatto, Jr.
Louisiana Department of Children & Family Services
1919 Kirkman Street
Lake Charles, LA 70601
Telephone: (337) 491-2066
COUNSEL FOR OTHER APPELLANT:
    State of Louisiana

Franchesca L. Hamilton-Acker
Acadiana Legal Services Corporation
P. O. Box 4823
Lafayette, LA 70502-4823
Telephone: (337) 237-4320
COUNSEL FOR OTHER APPELLEE:
    K.L. (child)

**THIBODEAUX, Chief Judge.**

The State of Louisiana, Department of Children & Family Services appeals the trial court judgment ordering a permanent plan of alternative permanent living arrangement (APLA) for a child under the age of sixteen, in violation of state and federal law. For the following reasons, we reverse the judgment of the trial court.

## I.

## ISSUE

The sole issue on appeal is whether the trial court committed manifest error by ordering the permanent plan for K.L.[1] to be changed from "Adoption" to "APLA," in violation of the Social Security Act, 42 U.S.C. § 675(5)(C)(i) and Louisiana Children's Code Article 702.

## II.

## FACTS AND PROCEDURAL HISTORY

K.L. came into the custody of the State of Louisiana on February 26, 2009, where she has since remained. K.L.'s parents surrendered their parental rights on or about July 31, 2008, and her goal thereafter became adoption. Approximately eighteen months later, K.L's goal was changed to APLA, or alternatively, another planned permanent living arrangement (APPLA).[2]

---

[1] Pursuant to Uniform Rules—Courts of Appeal, Rules 5-1 and 5-2, the initials of the parties will be used to protect and maintain the privacy of the minor child involved in this proceeding.

[2] Referred to as APLA in Louisiana and "Another Planned Permanent Living Arrangement" (APPLA) under federal law.

At a case review hearing held on June 9, 2015, the trial court judge ordered that the case goal be changed from APLA to adoption. However, on December 8, 2015, the trial court reversed the order, changing the goal back to APLA. At the time of the judgment, K.L., born on April 17 2002, was thirteen years old. It is from this ruling that the Louisiana Department of Children & Family Services (DCFS) now appeals.[3]

III.

## LAW AND DISCUSSION

This appeal concerns an error of law which shall be reviewed de novo. *Land v. Vidrine*, 10-1342 (La. 3/15/11), 62 So.3d 36.

Louisiana Children's Code Article 702(C) provides that a court shall conduct a permanency hearing to "determine the permanent plan for the child that is most appropriate and in the best interest of the child in accordance with [certain specified] priorities of placement." It prioritizes "[p]lacement in the least restrictive, most family-like alternative permanent living arrangement[,]" but limits this alternative to children sixteen years of age or older. La.Ch.Code art. 702(C)(5).

The Social Security Act, 42 U.S.C. § 675(5)(C)(i) provides that only a "child who has attained 16 years of age" may be "placed in another planned permanent living arrangement," or, APPLA. This section had been amended by the Preventing Sex Trafficking and Strengthening Families Act in 2014, which amended section 475(5)(C)(i) of the Social Security Act by raising the age restriction on APPLA placement from fourteen to sixteen years of age.

---

[3]It is significant to note that although DCFS secured the order changing K.L.'s goal to APLA, it is also the party appealing that judgment.

At the case review hearing held on December 8, 2015, DCFS and the court were unaware that APLA could not be the permanent goal for a child under the age of sixteen, despite the earlier federal law prohibiting APLA/APPLA to children under the age of fourteen. Therefore, because K.L. was thirteen at the time of the case review hearing, and because both federal and Louisiana law prohibit APLA/APPLA placement for children under the age of sixteen, DCFS and the court improperly changed her goal from "Adoption" to "APLA."

IV.

## CONCLUSION

For the foregoing reasons, we reverse the judgment of the trial court.

**REVERSED AND RENDERED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.