GRAVOIS, J.
11Plaintiffs .appeal the trial court’s July 27, -2016 judgment that granted defendants’ declinatory exceptions of improper venue and dismissed all claims against defendants without prejudice. On appeal, plaintiffs argue that, in the interest of justice, the claims should have been transferred to St. Bernard Parish instead of being dismissed. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On October 27, 2015, ParaTech, LLC (“ParaTech”) and its members/owners, Richard Perniciaro and Robert Cleveland, filed a petition for damages in Jefferson Parish against the following defendants: the St. Bernard' Parish Government; RSUI Indemnity Company (“RSUI”); four St. Bernard Parish Councilmen: Guy Mclnnis, Ray Lauga, Casey W. Hunnicutt, and Richard Lewis (“the Councilmen”); The Times Picayune, LLC (“the Times Picayune”); and Benjamin Alexander-Bloch, a reporter for the Times Picayune.
Plaintiffs’ claims against defendants arose out of an IT professional services contract between ParaTech and the, St. Bernard Parish Government that was terminated by an ordinance passed by the St, Bernard Parish Council. The suit alleged specific causes of action against each defendant regarding events surrounding the contract and . its eventual termination. First,, plaintiffs alleged that the Council *989 men were liable for various acts of defamation and conspiracy perpetrated against plaintiffs by the Councilmen as members of the St. Bernard Parish Government and in their own personal and individual capacities. These actions included providing defamatory statements to the press about plaintiffs; conspiring with other parish officials to sign an “illegal contract” with another IT company, Todd’s Technology; stating false and misleading “facts” about Mr. Perniciaro to Mr. Cleveland and attempting to persuade Mr. Cleveland to leave ParaTech; and for initiating and/or voting for four “illegal” ordinances terminating |2ParaTech’s contract with St. Bernard Parish, preventing plaintiffs from entering any parish building, and refusing to pay money owed to plaintiffs. As to the St. Bernard Parish Government, plaintiffs alleged that, through its parish councilmem-bers, employees, directors, officers, and contractors, it defamed and injured plaintiffs though defamatory public statements to the press, as well as through the above-listed actions of the Councilmen. The petition also alleged that RSUI was liable because it provided a policy of liability insurance to the St. Bernard Parish Government.
Additionally, plaintiffs alleged that the Times Picayune and its editorial board published articles on July 15, 2015 and August 7, 2015 which contained false defamatory statements about plaintiffs. The petition further alleged that the Times Picayune reporter, Mr. Alexander-Bloch, also defamed plaintiffs by printing false defamatory statements made by members of the St. Bernard Parish Government without making any attempt to verify the statements and by refusing to publish and/or correct the defamatory statements after being provided facts that proved the statements were false.
In response to the petition, on February 1, 2016, the Councilmen filed a declinatory exception of improper venue, along with their answer and a cross-claim against RSUI.[1] In support of their exception, the Councilmen relied on La. R.S. 13:5104(B), which provides:
All suits filed against a political subdivision of the state or against an officer or employee of a political subdivision for conduct arising out of the discharge of his official duties or within the course and scope of his employment shall be instituted before the district court of the judicial district in which the political subdivision is located or in the district court having jurisdiction in the parish in which the cause of action arises.
|sThe Councilmen argued that the Louisiana Supreme Court in Underwood v. Lane Mem’l Hosp., 97-1997 (La. 7/8/98), 714 So.2d 715, 717-18, found that because the statute uses the term “shall,” the legislature intended that a political subdivision of the state can only be sued in a venue specified by this statute, and thus no other venue exceptions would be applicable. The Councilmen argued that the St. Bernard Parish Government is located in St. Bernard Parish and the events that gave rise to the allegations in plaintiffs’ petition occurred in St. Bernard Parish. Thus, venue was only proper in St. Bernard Parish.
Subsequently, on February 1, 2016, RSUI filed a declinatory exception of improper venue as to plaintiffs’ claims against it, arguing that the action brought against it by plaintiffs was brought pursuant to La. R.S. 22:1269, the Direct Action Statute, which required that RSUI be sued jointly with its insured, the St. Bernard Parish Government. RSUI argued that *990 pursuant to La. R.S. 22:1269(B), an injured party may bring an action in the parish where the accident or injury occurred or in the parish in which an action could only be brought against either the insured or the insurer under the general rules of venue prescribed by La. C.C.P. art. 42. RSUI argued that La. C.C.P. art. 42 has no provision for venue in actions against a political subdivision of the state, and thus it must rely upon the mandatory venue provision set out in La. R.S. 13:5104(B). Relying on La. R.S. 13:5104(B), RSUI argued, as did the Councilmen, that the St. Bernard Parish Government is located in St. Bernard Parish and the cause of action arose in St. Bernard Parish. Thus, venue was only proper in St. Bernard Parish. For these same reasons, RSUI also pled decli-natory exceptions of improper venue as to the Councilmen’s and the St. Bernard Parish Government’s cross-claims against RSUI.
Following a hearing on April 12, 2016, the trial court issued a written judgment on July 27, 2016: granting RSUI’s exception of improper venue and dismissing plaintiffs’ claims without prejudice; granting RSUI’s exception of | improper venue as to the cross-claim filed by the St. Bernard Parish Government and dismissing the cross-claim without prejudice; granting RSUI’s exception of improper venue as to the cross-claim filed by the Councilmen and dismissing the cross-claim without prejudice; and granting the exception of improper venue filed by the St. Bernard Parish Government[2] and the Councilmen and dismissing plaintiffs’ claims without prejudice.
In its written reasons for judgment, the trial court relied on La. R.S. 13:5104(B) to find that venue was improper in Jefferson Parish as to plaintiffs’ demand against the St. Bernard Parish Government and the Councilmen. It found that the St. Bernard Parish Government is a political subdivision of the state, and the Councilmen were councilmen of the St. Bernard Parish Council at the time of the occurrences that gave rise to the causes of action asserted. The trial court found that the Government and its Councilmen are located in St. Bernard Parish, and the causes of action asserted arose in St. Bernard Parish. As to RSUI, the trial court found that under the provisions of the Direct Action Statute, RSUI may only be sued jointly with its insured, and since the mandatory venue for the St. Bernard Parish Government is in St. Bernard Parish, plaintiffs’ suit against RSUI is improper in Jefferson Parish. For these same reasons, the trial court also found venue improper as to the Councilmen’s and the St. Bernard Parish Government’s cross-claims against RSUI. Additionally, the trial court found venue improper under La. C.C.P. arts. 42(7) and 76. According to the trial court, RSUI issued directors and officers liability policies to the St. Bernard Parish Government. Pursuant to La. C.C.P. art. 76, an action on this type of insurance policy may be brought in the parish where the loss occurred or the insured is domiciled. The trial Lcourt found that St. Bernard Parish Government and its Councilmen are domiciled in St. Bernard Parish and any loss that they might sustain would occur there.
This timely appeal followed.[3]
*991 ASSIGNMENT OF ERROR
In their only assignment of error, plaintiffs argue that “[i]n the interest of justice and judicial economy, the trial court should have transferred the claims to the parish of St. Bernard, pursuant to L[a]. C.C.P. [a]rt. 121, instead of dismissing the claims.”[4] According to plaintiffs, transferring the entire matter would “eliminate any potential prescription issues” and “allow for all of the claims to be efficiently handled in one venue.” Plaintiffs note that the present situation leaves the claims against the Times Picayune and Mr. Alexander-Bloch pending in Jefferson Parish, and these pending claims will require the involvement and participation of the dismissed parties. In the interest of justice, plaintiffs request that the judgment be modified to transfer the entire matter to St. Bernard Parish.
When an action is brought in a court of improper venue, the court may dismiss the action, or in the interest of justice, transfer it to a court of proper venue. La. C.C.P. art. 121; See also Chehardy, Sherman, Ellis, Breslin & Murray v. Amerasia Co., 96-384 (La.App. 5 Cir. 11/14/96), 694 So.2d 355, 357. A jurisprudential rule has evolved that when a plaintiff does not knowingly file suit in the wrong venue, transfer to the correct venue is proper. Said another way, when a plaintiff does not have sufficient knowledge to ascertain the correct venue or acts | nupon incorrect knowledge and erroneously files suit in the wrong venue, the case should be transferred to a court of proper venue pursuant to La. C.C.P. art. 121. However, when a plaintiff knowingly files suit in the wrong venue, dismissal is proper. Marler v. Petty, 94-1851 (La. 4/10/95), 653 So.2d 1167, 1171.
In brief, defendants argue that plaintiffs had knowledge of the appropriate venue because they had previously filed a petition for damages in St. Bernard Parish in which they alleged many of the same actions by St. Bernard Parish Government and its Councilmen. Further, courts have uniformly recognized that the venue provision for suits against political subdivisions set out in La. R.S. 13:5104(B) is mandatory and no other venue provisions or exceptions are applicable. See, e.g., Colvin v. La. Patient’s Comp. Fund Oversight Bd., 06-1104 (La. 1/17/07), 947 So.2d 15. It is thus clear that under this statute, venue is only proper in St. Bernard Parish, where the political subdivision is located and where the cause of action arose as to the dismissed defendants.
Upon review, we find that plaintiffs have not shown that they lacked sufficient knowledge to determine that the proper venue for their actions against the St. Bernard Parish Government, the Councilmen, and RSUI was in St. Bernard Parish. *992 Rather, after reviewing the petition and its allegations, it is obvious that plaintiffs indeed had sufficient knowledge to ascertain that the political subdivision is located in St. Bernard Parish, and that the asserted causes of action as to the dismissed defendants arose in St. Bernard Parish. Accordingly, we find that the trial court did not abuse its discretion in dismissing defendants’ claims without prejudice, rather than transferring them to St. Bernard Parish. As such, plaintiffs’ assignment of error is without merit.
CONCLUSION
For the forgoing reasons, the trial court’s judgment dismissing without prejudice, rather than transferring, plaintiffs’ claims against the St. Bernard Parish | government, the Councilmen, and RSUI, and the cross-claims against RSUI, is affirmed.
AFFIRMED

. St. Bernard Parish Government also filed an exception, answer, and a cross-claim against RSUI, However, it did not assert a declinatory exception of improper venue.

. As previously noted, the record does not reflect that the St. Bernard Parish Government filed a declinatory exception of improper venue.

. In its appellee brief, RSUI first argues that the appeal should be dismissed because the proper procedural device for review of a dec-linatory exception of improper venue is an application for a supervisory writ. Relying on the Louisiana Supreme Court’s decision in Land v. Vidrine, 10-1342 (La. 3/15/11), 62 So.3d 36, RSUI argues that a ruling on venue *991 is an interlocutory judgment, and thus plaintiffs were required to seek review thereof via a supervisory writ, rather than by appeal. Although we recognize the decision in Land, supra, we also recognize that the court therein was considering a different procedural situation than in the present case. In the present case, when the trial court granted defendants’ exceptions of improper venue, it dismissed plaintiffs’ actions against certain defendants without prejudice, unlike in Land, where the action was transferred to another jurisdiction. Thus, in the present case, the asserted causes of action are no longer pending in any court. Accordingly, we will review this matter under our appellate jurisdiction.

. Plaintiffs do not assign as error the trial court's grant of the exceptions of improper venue as to any of the parties; rather, plaintiffs only assert on appeal that the trial court abused its discretion in dismissing the claims without prejudice, instead of transferring them to St. Bernard Parish, Accordingly, the trial court’s grant of the exceptions of improper venue as to any of the parties is not before us on appeal.