WICKER, J.
In this appeal, appellant-defendant seeks review only of the trial court's interlocutory judgment overruling his declinatory exceptions of improper venue and jurisdiction, alleging ambiguity in the forum selection clause in a Loan and Security Agreement between the parties. For the reasons discussed below, we decline to address defendant's assignments of error related to the trial court's November 23, 2016 judgment on his declinatory exceptions.
FACTUAL AND PROCEDURAL BACKGROUND
On July 27, 2016, plaintiff, Biloxi Capital, L.L.C., filed suit in the 24th Judicial District Court for the Parish of Jefferson against defendant, Keith Lobell, to collect on a one-million dollar promissory note. Plaintiff attached to its petition the July 19, 2006 promissory note, pledge agreement, and "Loan and Security Agreement" executed between the parties. In its petition, plaintiff contended that, in accordance *506 with the terms of the Loan and Security Agreement, Jefferson Parish is the proper venue for suit against defendant. Defendant thereafter filed a pleading titled, "Declinatory Exception of Improper Venue, Lack of Subject Matter Jurisdiction over the Person, and Lack of Subject Matter Jurisdiction," contending that the forum selection clause at issue, which provides that defendant agrees to submit himself to the "nonexclusive jurisdiction of the Supreme Court of the State of Louisiana sitting in Jefferson Parish," is vague and ambiguous and, thus, is unenforceable.
On October 12, 2016, the trial court conducted a hearing on defendant's exceptions. On November 2, 2016, the trial court issued a judgment denying defendant's exceptions. Defendant filed a notice of intent to apply for a supervisory writ and the trial court set a December 2, 2016 return date. However, defendant did not file a supervisory writ application with this Court and the matter proceeded in the 24th Judicial District Court.[1] On December 15, 2016, defendant filed an Answer to the petition, generally denying all allegations in the petition.
On January 3, 2017, plaintiff filed a motion for summary judgment. In support of its motion, plaintiff attached the July 19, 2006 promissory note, pledge agreement, and the Loan and Security Agreement. Plaintiff also attached the affidavit of H. Hunter "Terry" White, III, a manager with Biloxi Capital, LLC, who attested that the principal and interest due on the loan was $2,049,998.00. He further attested that Biloxi Capital incurred $12,393.97 in costs and attorney fees in connection with the suit to collect on the promissory note. Plaintiff sought summary judgment in the amount of $2,049,998.00 in unpaid principal and interest on the loan, as well as $12,393.97 in attorney fees and related litigation expenses.
Defendant filed an opposition to the motion for summary judgment. In his opposition, defendant claimed that he owned a 25% interest in Biloxi Capital and that the loan at issue arose from an oral agreement between the parties to develop a waterfront resort and casino in Biloxi, Mississippi. In support of his opposition to the motion for summary judgment, defendant attached his affidavit, wherein he attested that the parties agreed that Biloxi Capital would purchase waterfront properties valued at $38,000,000.00 and that defendant would do the "leg work" to pursue a change in zoning to allow the property to be developed as a waterfront casino or resort. Defendant attested that his obligation to repay the loan was conditioned upon Biloxi Capital developing the property, which he contends it never did. He further attested that the parties agreed that repayment of the loan would be made through the equity in the waterfront properties. Biloxi Capital responded to defendant's opposition, asserting that an oral agreement cannot supersede a written credit agreement under La. R.S. 6:1122 and La. R.S. 6:1122.1.[2]
The trial judge conducted a hearing on April 12, 2017, and issued a written judgment on April 25, 2017, granting Biloxi Capital's motion for summary judgment and ordering defendant to pay Biloxi Capital $2,078,629.39, together with attorney fees and costs in the amount of $12,393.97. Defendant filed a motion to appeal the *507 April 25, 2017 judgment, which the trial court granted on June 28, 2017.[3]
DISCUSSION
Although defendant appealed the trial court's April 25, 2017 granting of summary judgment, defendant's appellate brief filed with this Court assigns as error only the trial court's November 2, 2016 denial of his preliminary declinatory exceptions. In his appellate brief, defendant assigns the following errors: (1) did the trial court err by exercising jurisdiction in Jefferson Parish where the forum selection clause in the Loan and Security Agreement was clearly ambiguous on its face thus making it impossible to determine the intent of the parties?; and (2) is it legal error to continue to adjudicate a matter wherein the Court has improper venue/jurisdiction over the defendant as the result of an ambiguous forum selection clause? In brief to this Court, defendant, essentially, contends that the forum selection clause within the Loan and Security Agreement is vague or ambiguous on its face and, "without the forum selection clause there is no proper venue/jurisdiction over the defendant." Thus, defendant asserts that the forum selection clause should not be enforced and the traditional rules of venue should apply. Defendant argues that because he is an Orleans Parish resident, the proper venue for this suit would be Orleans Parish.
The Louisiana Supreme Court, in Land v. Vidrine , 10-1342 (La. 3/15/11), 62 So.3d 36, considered the issue of whether a litigant may seek review of a venue ruling after the case has been litigated on the merits. In holding that a litigant may only seek review of a venue ruling via a supervisory writ application, and not on a subsequent appeal, the Supreme Court reasoned:
Choice of venue is a gateway consideration that is separate from the merits of the case and addresses only the initial inquiry of where to litigate. Absent allegations of bias or the operation of forum non conveniens, courts are presumed to administer equal justice wherever they are located. In Leblanc v. Thomas , 2008-2869, p. 8 (La. 10/20/09), 23 So.3d 241, 245, we stated:
This Court has determined that the Louisiana Civil Code of Procedure "articles governing venue are based on legislative considerations for allocating cases, according to the particular action and the particular parties, among the various parishes which have an interest in the action ..." Underwood v. Lane Memorial Hospital , 97-1997 (La. 7/8/98), 714 So.2d 715, 716. This Court has recognized venue as a "convenience factor as opposed to a jurisdictional factor." Id.
Thus, when a plaintiff does not object to the transfer of his case to another parish, it can be said he consented to the new location of the trial. To hold that a venue objection can be raised on final appeal (1) ignores the fact that venue, which is solely a matter of convenience, does not affect the ultimate determination of the merits and (2) creates a tactical scenario where a litigant who is not successful at trial can seek to retry the merits of the case when an otherwise valid judgment has already been rendered. To allow deferral of a venue challenge disregards the very purpose of venue rules.
To further illustrate the point, we analogize to La. Code Civ.P. arts. 44(C) and *508 928(A), which require a defendant to plead the declinatory exception of improper venue prior to filing an answer on penalty of the objection being deemed waived. These articles demonstrate that general venue objections can be waived and the primary consideration is timeliness. These codal provisions and our holding today reiterate our understanding that venue is an early determination that governs a trial's location, not its result. We note that our holding is in line with each appellate court of our state that has ruled on the issue. Namely, the first, second, third, and fifth circuits have similarly held that a litigant must file a supervisory writ in order to receive review of an adverse venue ruling. See
Alexander v. Palazzo , 2008-1541, (La. App. 1 Cir. 2/13/09), 5 So.3d 950 ; Danny Weaver Logging, Inc. v. Norwel Equipment Co. , 33,793 (La. App. 2 Cir. 8/23/00), 766 So.2d 701 ; M & L Indusl., L.L.C. [v. Hailey , 05-940 (La.App. 3 Cir. 3/1/06) ], 923 So.2d 869 ; and Farrar v. Certified Coatings of Cal., Inc. , 09-920, (La. App. 5 Cir. 3/23/10), 38 So.3d 940. Thus, we find the plaintiffs waived their right to challenge the East Baton Rouge Parish trial court's ruling on venue.
Land v. Vidrine , 10-1342 (La. 03/15/11), 62 So.3d 36, 40-41.
Accordingly, as instructed by the Louisiana Supreme Court in Land , we find that defendant, in failing to file an application for supervisory writ from the trial judge's November 2, 2016 judgment on his declinatory exceptions-determining that the suit could remain in Jefferson Parish-waived his right to seek review of that judgment. Land, supra ; see also Blow v. OneBeacon Am. Ins. Co. , 16-0301 (La. App. 4 Cir. 04/20/16), 193 So.3d 244, 247 ; Rhyne v. OMNI Energy Servs. Corp. , 14-711 (La. App. 3 Cir. 12/10/14), 155 So.3d 155.[4] We therefore do not address defendant's assignments of error related to that judgment. As to the April 25, 2017 judgment granting Biloxi Capital's motion for summary judgment on the merits of the case, we find that defendant has not assigned nor briefed any error to that judgment and has thus abandoned any issue for review related to that judgment. See Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4). Accordingly, that judgment is affirmed.
AFFIRMED

The record reflects that on November 28, 2016, the trial court issued a preliminary default against defendant who had failed to file an answer to the suit.

Biloxi Capital first asked the trial court not to consider plaintiff's opposition, contending that the opposition was untimely under La. C.C.P. art. 966.

Defendant's motion for appeal also appears to contain an error in that it references both the April 25, 2017 judgment as well as a September 27, 2016 judgment. There is no September 27, 2016 judgment contained in this record.

See Blow , 193 So.3d at 247, wherein the court stated, "in order to obtain review of the ruling, the party adversely affected thereby must immediately apply for supervisory relief. See Land , 10-1342, p. 7, 62 So.3d at 40-41. The party may not await the rendition of a final judgment which adjudicates all issues as to all parties and then request appellate review as is otherwise available with respect to other interlocutory rulings."